JAMES MACK v. CHARLOTTE CITY WATER-WORKS, CHARLOTTE BOARD OF WATER COMMISSIONERS, AND CITY OF CHARLOTTE.

(Filed 18 May, 1921.)

1. **Municipal Corporations—Cities and Towns—Managing Boards—Water-works—Principal and Agent.**

   Where a city owns and controls its water-works system under the special management of a board of water commissioners, this last is an official departmental board, created as a part of the city government for the more convenient and efficient ordering of the water-works and supply, and their action on matters in the line of their official duties and within the scope of their powers is the action of the city, and suits and demands on the part of individuals growing out of their management as a board are to be regarded and dealt with as suits against the city.

2. **Same—Actions—Governmental Functions.**

   A municipality may not be held liable at the suit of individuals for injuries caused by its officials when in the exercise of governmental functions and matters affecting only the public interests, unless such liability is expressly recognized and provided for by statute.

3. **Same—Fires.**

   A municipality, under the common law, is only to be regarded as exercising governmental powers in providing a water supply for the purpose

of fire protection, and may not be held liable in damages to its citizen for failure to have supplied an adequacy of water to extinguish the flames on his burning house, though it supplies water for the individual use of its citizens for pay. *Munick v. Durham, ante,* 188, cited and distinguished.

**4. Same—Statutes—Constitutional Law.**

The common-law principle upon which a city may not be held liable for its failure to supply sufficient water for extinguishing fires is now set at rest by our valid statute. C. S., 2807.

APPEAL by defendant from *Bryson, J.,* at the September Term, 1920, of MECKLENBURG.

The action is to recover damages for destruction of a building of plaintiff, situated within the limits of the city of Charlotte, and caused by the alleged negligence of defendants in failing to furnish a timely and adequate water supply to enable the fire department to extinguish the fire and save plaintiff's building. There was judgment overruling the demurrer and defendants excepted and appealed.

*T. L. Kirkpatrick and H. L. Taylor for plaintiff.*
*Pharr, Bell & Sparrow for defendants.*

HOKE, J. The city of Charlotte is now under a commission form of government, and at and before the time of this occurrence it owned and controlled its water-works and supply, this same being under the special management of the board of water commissioners of the city of Charlotte. Both under the present and preceding forms of government, this last was an official departmental board, created as a part of the city government for the more convenient and efficient ordering of the water-works and supply. And their action on matters in the line of their official duties and within the scope of their powers is the action of the city, and suits and demands on the part of individuals growing out of their management as a board are in fact and truth suits against the city, and must be so considered and dealt with in determining the rights of parties involved in such a controversy. Consolidated Statutes, ch. 56, secs. 2807-8-9, 2833 *et seq.,* 2878, etc.; Private Laws 1907, ch. 342, sec. 174, etc.

This being true, our decisions hold, and the present statute is in full affirmance of the principle (C. S., 2807), that a municipality may not be held liable at the suit of individuals for injuries caused by its officials when in the exercise of governmental functions and matters affecting only the public interests, unless such liability is expressly recognized and provided for by statute.

In a recent case on this subject this limitation on the right to suit for such an injury is stated as follows: "The principle upon which a

municipality engaged in supplying water to the individual citizen, under contract for profit or pay, must be considered and dealt with as a private owner, applies to the ordinary burdens and liabilities incident to their private business relations, and not to its work for the public generally, such as procuring its water supply and extending it, providing for fire protection and sanitation purposes, and the like, for therein the municipality is to be regarded as a governmental agency and, as such, possessing and capable of exercising the powers and privileges conferred upon it by law." *Felmet v. Canton,* 177 N. C., 52.

The question was directly presented and same ruling made in *Howland v. Asheville,* 174 N. C., 749; *Harrington v. Greenville,* 159 N. C., 632; *McIlhenney v. Wilmington,* 127 N. C., 146; *Moffitt v. Asheville,* 103 N. C., 237, are in recognition of the same general principle.

And if there should be any doubt that this is now the approved position with us the matter would seem to be put at rest by C. S., 2807, which provides in part as follows: "The city may maintain its own light and water-works system to furnish water, for fire and other purposes, and light to the city and its citizens, but shall in no case be liable for damages for a failure to furnish a sufficient supply of either water or light," etc.

Such a statute has been held to be well within the legislative powers to the extent that it applies to "official acts, governmental in character, or for the benefit of the public generally." 19 R. C. L., p. 1111, Title, Municipal Corporations, sec. 392, citing *Schigley v. Waseka,* 106 Minn., 94, and other cases, and is undoubtedly controlling on the facts of this record.

In *Munick v. Durham, ante,* 188, opinion by the *Chief Justice,* a recovery against the city was sustained, but that was a suit growing out of the settlement of claimant's water bill, and involving only the business relations between the individual and the city as vendor of water for profit, and not as here in a matter concerning the water supply for general fire protection. The two cases serve very well to illustrate the two classes of actions, and mark the distinction between them.

There was error in overruling the demurrer, and on the facts presented judgment should be entered for defendant.

Reversed.