## SIFFORD v. WATERWORKS BOARD OF TRUSTEES et al.

### No. 9312.

Court of Civil Appeals of Texas. San Antonio.

April 4, 1934.

Rehearing Denied April 25, 1934.

H. C. Carter, Randolph L. Carter, and Champe G. Carter, all of San Antonio, for appellant.

H. M. Parker and Boyle, Wheeler, Gresham & Terrell, all of San Antonio, for appellees.

FLY, Chief Justice.

This is a suit for damages arising from personal injuries, instituted by appellant against appellees waterworks board of trustees, and

each member of the board of trustees, in his capacity as trustee. The trial court sustained a general demurrer to the petition on the ground, as stated by him, "because suit cannot be maintained against the Water Works Board of Trustees and the Trustees thereof as such."

Attached to the petition is a first mortgage deed of trust given by the city of San Antonio to St. Louis Union Trust Company of St. Louis, Mo., on all of the property devoted by the city to the waterworks system. It was agreed between the parties to the suit that continuously since the date of said first mortgage deed of trust the waterworks board of trustees have had "the possession, management and control" of the San Antonio waterworks system, as provided and stipulated in said first mortgage deed of trust and under the ordinance of the city of San Antonio and the general and special laws of the state of Texas; and that said waterworks board of trustees have from said date actually exercised control of the operation, maintenance, and repair of said waterworks system and the pipes, mains, plugs, and hydrants thereof. These matters were virtually alleged in the petition. There was, however, no allegation that the water board was a separate entity from the city, or that it had been chartered by the state, but all of the allegations tend to show that the water board was merely a department and agency of the city to take charge of and operate for the city its water system, just as the departments of the fire and police were created for the purposes of obtaining protection from fire and protection from criminals violating the laws. The property is owned by the city, and the department of water is as much under the control and management of the city, through its trustees, as is the department of taxation, streets, police, and fire, except in some particulars stated in the deed of trust. It has been definitely settled by the decisions of different states of the Union that departments of the city created and acting in a similar way to that of the water board of the city of San Antonio could not be held liable for debt or tort, but that the city, if any one, was the party liable under such claims. Mack v. Charlotte City Water-Works, 181 N. C. 383, 107 S. E. 244; City of Hogansville v. Farrell Heating & Plumbing Co., 161 Ga. 780, 132 S. E. 436, 439; Appleton v. Water Commissioners of City of New York, 2 Hill (N. Y.) 432; Amer-ican Fire Alarm Co. v. Board of Police Com'rs, 285 Mo. 581, 227 S. W. 114, 117; Swift v. Mayor, Alderman, and Police Dept., of City of New York, 83 N. Y. 532.

In the case of Mack v. Charlotte City Water-Works, 181 N. C. 383, 107 S. E. 244, the Supreme Court of North Carolina states the law to be as follows: "The city of Charlotte is now under a commission form of government, and at and before the time of this occurrence it owned and controlled its waterworks and supply, this same being under the special management of the board of water commissioners of the city of Charlotte. Both under the present and preceding forms of government, this last was an official departmental board, created as a part of the city government for the more convenient and efficient ordering of the waterworks and supply. And their action on matters in the line of their official duties and within the scope of their powers is the action of the city, and suits and demands on the part of individuals growing out of their management as a board are in fact and truth suits against the city, and must be so considered and dealt with, in determining the rights of parties involved in such a controversy."

Again, in Appleton v. Water Commissioners of City of New York, supra, the Court of Appeals of New York stated: "The water commissioners are not a corporation, and cannot be proceeded against as such. If the individuals holding the office of water commissioners have made any contract with the plaintiff by which they have bound themselves personally, the remedy of the plaintiff is by proceeding against them as individuals. If they have contracted as public officers acting within the general scope of their powers, the remedy is against the corporation of the city of New York. * * * It is enough that there is no such corporation as the plaintiff has attempted to implead."

The other decisions cited are directly in line with the decisions in North Carolina and New York, and the court was clearly right in sustaining a general demurrer to the petition seeking to charge the waterworks and its trustees with a tort arising from the condition of the water hydrant in the city of San Antonio.

The judgment will be affirmed.