ALBERT JOYNER, LUCILLE LYTLE, JAMES BRYSON AND THURMAN GREENLEE v. THE McDOWELL COUNTY BOARD OF EDUCATION.

(Filed 23 May, 1956.)

**1. Appeal and Error § 2—**

Even though an appeal is subject to dismissal on the ground that the questions presented have become academic, the Supreme Court may nevertheless consider the appeal on its merits when matters of grave public importance are involved.

**2. Pleadings § 20½—**

Where there is a misjoinder of both parties and causes of action, the court is not authorized to direct a severance, but must dismiss the action upon demurrer. G.S. 1-132.

**3. Schools and School Districts § 3d—Application for enrollment of children in particular school must be made on individual basis and not en masse.**

Under the statutory provisions, only the parent, guardian or person standing *in loco parentis* to a particular child or children is entitled to petition the board of education of the county for the enrollment of such child or children in a particular school, or to appeal from the order of such board denying such petition, G.S. 115-178, G.S. 115-179, and since the factors involved necessitate the consideration of the application of any child or children individually and not *en masse*, such petition or appeal may not be made by a group of parents on behalf of themselves and their children, unnamed, and other children of their race similarly situated, to obtain what is in effect a *mandamus* to require immediate integration of all Negro pupils residing in the administrative unit.

**4. Same—**

Judicial notice will be taken of the fact that boards of education must of necessity employ teachers in advance of the opening of school. Therefore, it would seem that applications for admissions to schools other than those theretofore designated by the board of education or city administrative unit, should be made reasonably in advance of the opening of school.

**5. Same—**

Pupils residing in one administrative unit may be assigned to a school in another administrative unit pursuant to the provisions of G.S. 115-163.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by petitioners from *Patton, Special Judge,* February Term, 1956, of McDOWELL.

This is a proceeding brought on 27 August 1955 by petitioners who filed with the Board of Education of McDowell County, hereinafter called the Board, a petition "on behalf of their children and themselves, and on behalf of other Negro children and parents similarly situated," in which, in sum and substance, they assert:

JOYNER *v.* BOARD OF EDUCATION.

(1) That the (unnamed) children for whom they were speaking were eligible to attend public schools in McDowell County, North Carolina, and particularly the school at Old Fort.

(2) That the petitioners carried their children to the Old Fort school on 24 August 1955 and demanded that they then be enrolled in said school; that the principal of said school, acting in conjunction with and under the direction of the Superintendent of Schools of McDowell County, then and there denied to children of petitioners admission to the said Old Fort School.

(3) That the children were denied admission for the reason that school children were "not to be assigned in the schools of McDowell County during the school year 1955-56 on any basis other than that which has previously existed."

(4) That "the primary if not the sole basis upon which children in McDowell County have been assigned to schools has been race or color."

(5) That the Supreme Court of the United States has declared enforced racial segregation in public schools illegal.

(6) That the refusal to admit children of petitioners to the Old Fort school "was based solely and wholly upon race or color."

The petition, following the foregoing allegations sought redress in the following language:

"The undersigned, on behalf of their own children and on behalf of other Negro children and parents similarly situated, petition your Board that you forthwith issue a directive, order or mandate to the aforesaid Superintendent and Principal requiring them forthwith to admit children of petitioners and other Negro children similarly situated to the school and school facilities maintained by your Board in the Town of Old Fort."

The petitioners appeared before the Board on 3 October 1955 in support of their request. In a letter dated 5 January 1956, the petitioners were informed by the secretary of the respondent Board of the Board's denial on 2 January 1956 of petitioners' request to have their children enrolled in the public school in Old Fort, North Carolina. The denial was in the following language:

"A request on the part of Taylor & Mitchell on behalf of the Negroes at Old Fort to allow Negroes to attend school at Old Fort rather than to be transported to Marion to attend school at Hudgins High, was formally denied by virtue of necessity in that facilities and room are available at Hudgins High and are not available at Old Fort. The motion was made by Mr. Ross, seconded by Mr. Greenlee and duly passed."

The petitioners, through their counsel, gave notice of appeal to the Board by telegram on 13 January 1956 and requested the immediate

certification of the record to the Superior Court. The record was duly certified as requested.

In apt time, in the Superior Court, the respondent moved to dismiss the appeal on the ground that the notice of appeal was not given or filed within ten days as required by statute. In addition thereto, the respondent filed a demurrer to the petition and assigned as grounds therefor: (1) that the petition failed to state a cause of action; and (2) that there was a misjoinder of both parties and causes of action.

After hearing argument of counsel for respondent and counsel for petitioners, the court being of the opinion that the motion to dismiss should be denied and that the demurrer should be overruled in so far as it pertains to the failure to state a cause of action, but, that the demurrer as it relates to the misjoinder of parties and causes of action should be sustained, entered judgment accordingly. The petitioners appeal to the Supreme Court, assigning error.

*Taylor & Mitchell for petitioners.*
*Roy W. Davis for respondent.*
*Attorney-General Rodman, Amicus Curiae, for the State.*

DENNY, J. At the threshold of this appeal the Court is confronted with the fact that the questions presented are now academic as to the school year 1955-56. Even so, Chapter 366 of the Session Laws of 1955, codified as G.S. 115-176 through G.S. 115-179, governing the enrollment of pupils in the public schools of North Carolina is of such public importance that the Court deems it appropriate to clarify the procedure thereunder.

The appellants' pertinent assignments of error are directed to the ruling of the court below in sustaining the respondent's demurrer on the grounds of a misjoinder of parties and causes of action and to the failure of the court to order a severance of the causes of action, if the court was correct in its ruling as to such misjoinder.

A demurrer should be sustained and the action dismissed where there is a misjoinder of parties and causes of action, and the court is not authorized in such cases to direct the severance of the respective causes of action for trial under the provisions of G.S. 1-132. *Perry v. Doub,* 238 N.C. 233, 77 S.E. 2d 711; *Sellers v. Ins. Co.,* 233 N.C. 590, 65 S.E. 2d 21; *Erickson v. Starling,* 233 N.C. 539, 64 S.E. 2d 832; *Teague v. Oil Co.,* 232 N.C. 469, 61 S.E. 2d 345; s.c. 232 N.C. 65, 59 S.E. 2d 2; *Moore County v. Burns,* 224 N.C. 700, 32 S.E. 2d 225; *Wingler v. Miller,* 221 N.C. 137, 19 S.E. 2d 247.

The Court deems it unnecessary to enter into a discussion of the question of misjoinder in this proceeding. The question is settled by the

statutes governing the enrollment of pupils in the public schools of North Carolina and, in the opinion of the Court, they do not authorize the institution of class suits upon denial of an application for enrollment in a particular school.

The provisions of G.S. 115-176 read as follows: "The county and city boards of education are hereby authorized and directed to provide for the enrollment in a public school within their respective administrative units of each child residing within such administrative unit qualified under the laws of this State for admission to a public school and applying for enrollment in or admission to a public school in such administrative unit. Except as otherwise provided in this article, the authority of each such board of education in the matter of the enrollment of pupils in the public schools within such administrative unit shall be full and complete, and its decision as to the enrollment of any pupil in any such school shall be final. No pupil shall be enrolled in, admitted to, or entitled or permitted to attend any public school in such administrative unit other than the public school in which such child may be enrolled pursuant to the rules, regulations and decisions of such board of education."

It is provided in G.S. 115-178 that, "The parent or guardian of any child, or the person standing *in loco parentis* to any child, who shall apply to the appropriate public school official for the enrollment of any such child in or the admission of such child to any public school within the county or city administrative unit in which said child resides, and whose application for such enrollment or admission shall be denied, may, pursuant to rules and regulations established by the county or city board of education apply to such board for enrollment in or admission to such school, and shall be entitled to a prompt and fair hearing by such board in accordance with the rules and regulations established by such board. The majority of such board shall be a quorum for the purpose of holding such hearing and passing upon such application, and the decision of the majority of the members present at such hearing shall be the decision of the board. If, at such hearing, the board shall find that such child is entitled to be enrolled in such school, or if the board shall find that the enrollment of such child in such school will be for the best interests of such child, and will not interfere with the proper administration of such school, or with the proper instruction of the pupils there enrolled, and will not endanger the health or safety of the children there enrolled, the board shall direct that such child be enrolled in and admitted to such school."

The provisions of G.S. 115-179 are as follows: "Any person aggrieved by the final order of the county or city board of education may at any time within ten (10) days from the date of such order appeal therefrom

to the superior court of the county in which such administrative school unit or some part thereof is located. Upon such appeal, the matter shall be heard *de novo* in the superior court before a jury in the same manner as civil actions are tried and disposed of therein. The record on appeal to the superior court shall consist of a true copy of the application and decision of the board, duly certified by the secretary of such board. If the decision of the court be that the order of the county or city board of education shall be set aside, then the court shall enter its order so providing and adjudging that such child is entitled to attend the school as claimed by the appellant, or such other school as the court may find such child is entitled to attend, and in such case such child shall be admitted to such school by the county or city board of education concerned. From the judgment of the superior court an appeal may be taken by any interested party or by the board to the Supreme Court in the same manner as other appeals are taken from judgments of such court in civil actions."

With respect to the provisions of G.S. 115-178, this Court construes them to authorize the parent to apply to the appropriate public school official for the enrollment of his child or children by name in any public school within the county or city administrative unit in which such child or children reside. But such parent is not authorized to apply for admission of any child or children other than his own unless he is the guardian of such child or children or stands *in loco parentis* to such child or children. In the event a parent, guardian or one standing *in loco parentis* of several children should apply for their admission to a particular school, it is quite possible that by reason of the difference in the ages of the children, the grades previously completed, the teacher load in the grades involved, etc., the school official might admit one or more of the children, and reject the others. The factors involved necessitate the consideration of the application of any child or children individually and not *en masse*. Any interested parent, guardian or person standing *in loco parentis* to such child or children, whose application may be rejected, may appeal to the appropriate board for a hearing in accordance with the rules and regulations established by such board. Furthermore, if the board denies the application for admission of such child or children, the aggrieved party may appeal in the manner prescribed by statute (G.S. 115-179) to the superior court, where the matter shall be heard *de novo* before a jury in the same manner as civil actions are tried therein.

Therefore, this Court holds that an appeal to the superior court from the denial of an application made by any parent, guardian or person standing *in loco parentis* to any child or children for the admission of such child or children to a particular school, must be prosecuted in

behalf of the child or children by the interested parent, guardian or person standing *in loco parentis* to such child or children respectively and not collectively.

The Court notes that the petitioners did not apply for the admission of their children and other Negro children similarly situated to the school in Old Fort until the 24th day of August 1955, the day the school opened. It would seem that some rule or regulation might well be promulgated by the county and city boards of education fixing a date reasonably in advance of the opening of school for filing such applications. Judicial notice will be taken of the fact that boards of education must of necessity employ teachers in advance of the opening of school. Teachers are assigned to their particular schools on the basis of the enrollment information in the hands of the respective boards at the time the assignments are made. Hence, it would seem to be extremely desirable if not imperative for the orderly operation of the schools that applications for admission to schools other than those theretofore designated by the board of education or city administrative unit, be made reasonably in advance of the opening of school.

In addition to the assignment of pupils in the manner authorized in the above cited statutes, pupils residing in one administrative unit may be assigned to a school in another administrative unit, pursuant to the provisions contained in Chapter 1372, Session Laws of 1955, sub-chapter VIII, Art. 19, sec. 3, codified as G.S. 115-163. *In re Assignment of School Children*, 242 N.C. 500, 87 S.E. 2d 911.

An additional reason why this proceeding was properly dismissed is that while it purports to have been brought pursuant to the provisions of our school enrollment statutes, it is not based on an application for assignment relating to named individuals as contemplated by the enrollment statutes, but is in reality a class suit. It is in effect an application for *mandamus*, requiring the immediate integration of all Negro pupils residing in the administrative unit in which the Old Fort school is located, in the Old Fort school. Such a procedure is neither contemplated nor authorized by statute. Therefore, the appeal is dismissed.

Appeal dismissed.

DEVIN, J., took no part in the consideration or decision of this case.