STATE EX REL EAST LENOIR SANITARY DISTRICT, PLAINTIFF v. THE CITY OF LENOIR, NORTH CAROLINA, EARL H. TATE, MAYOR, AND JAMES BARGER, ALBERT CARPENTER, ARCHIE COFFEE, FRED M. DULA, PAUL PENDRY, JOE J. STEELE, FRIE TORRENCE, COMMISSIONERS OF THE CITY OF LENOIR, NORTH CAROLINA, DEFENDANTS.

(Filed 29 October, 1958.)

**1. Appeal and Error § 1—**
A correct judgment of the lower court will not be disturbed regardless of whether the lower court assigned the correct reasons therefor.

**2. Appeal and Error § 2—**
The Supreme Court will take note *ex mero motu* of the failure of the complaint to state a cause of action.

**3. Actions § 3—**
Before a party can invoke the jurisdiction of a court to redress or protect against a wrongful act done or threatened, he must allege that he is or will in some manner be adversely affected thereby and is thus the real party in interest. G.S. 1-57.

**4. Constitutional Law § 8—**
The Legislature has complete authority to create, control and dis-

solve cities, towns and other public corporations or other governmental agencies.

**5. Municipal Corporations § 3:    Sanitary Districts § 2—**

A sanitary district is not a "municipality" within the meaning of G.S. 160-1, so as to preclude a municipality from annexing territory within a sanitary district.

**6. Same—**

The territory of governmental agencies or municipal corporations may overlap even when both have the same general purpose.

**7. Sanitary Districts § 2—**

A sanitary district exercises a governmental function in operating its water system to provide fire protection and kindred services; it acts in a proprietary capacity in providing water to its inhabitants for their convenience.

**8. Same:    Municipal Corporations § 3—**

A public corporation formed by the merger or consolidation of two or more public corporations succeeds to all the duties, obligations and assets of its previous parts; where the boundaries of one public corporation are extended to take in part of the territory of another and each corporation continues its services and exercises the function authorized by the Legislature, there is no merger, and each continues to own and hold its property necessary for its corporate purposes, certainly in the absence of clear legislative mandate to the contrary.

**9. Same—**

A sanitary district has no right to challenge the enlargement of the boundaries of a municipal corporation to include part of the territory of the sanitary district, since the mere enlargement of the city's boundaries does not appropriate the property of the district or deprive the district of its function of selling water transported through its mains to all its customers living in its district.

PARKER, J., not sitting.

APPEAL by plaintiff from *Froneberger, J.,* at Chambers in CALDWELL on 3 July 1958.

Plaintiff seeks to challenge the validity of the action of the City of Lenoir in the fall of 1957 by which it enlarged its boundaries. A permanent injunction is likewise sought prohibiting defendants from levying taxes on property or business within the area annexed.

As the basis for the relief sought, it is alleged:

(1) Plaintiff is a sanitary district created pursuant to the provisions of G.S. 130-33 et seq.

(2) The City of Lenoir, a municipal corporation subject to the provisions of c. 160 of the General Statutes, on 23 September 1957 adopted a resolution to enlarge its corporate limits so as to include a portion of the area in plaintiff's boundaries, and pursuant to said resolution,

caused a notice to be published in a newspaper of the intent to annex the territory therein described under the provisions of G.S. 160-145.

(3) The description of the area to be annexed was not by metes and bounds as required by the statute and was in fact inadequate to describe any area.

(4) The ordinance approving the annexation was adopted before the statutory notice had been published for the requisite time.

(5) Plaintiff was not consulted nor had it given its permission to the annexation.

(6) The maps required by G.S. 160-450 had not been filed.

(7) Prior to the asserted annexation plaintiff had constructed a water line to serve people living within its boundaries. Part of the water line so constructed by plaintiff was within the area annexed.

(8) Defendants, "by the annexation herein complained of unlawfully took said water lines" and "the purported annexation constitutes an unlawful taking of plaintiff's property without due process of law and an illegal and unlawful invasion of the rights of the plaintiff."

(9) A city has authority under G.S. 160-445 to annex contiguous areas only when "not a part of another municipality."

Defendants answered. They asserted the annexation proceedings were had at the instance of the property owners residing in the area annexed, and the validity of the annexation proceedings. They denied the legal conclusions made by plaintiff and particularly denied that they had appropriated plaintiff's water mains or properties.

The parties stipulated "that an Agreed Statement of Facts be presented to the Court out of the District out of term, that jury trial is waived, and the Trial Judge is to determine the facts and conclusions of law, and render judgment." An agreed statement of facts was submitted to the court. The court, reciting that it acted pursuant to the stipulation, made findings of fact which, while not in the language of the facts stipulated, were apparently intended as summary of the facts so stipulated.

The court concluded as a matter of law: (1) the territory annexed was not a part of a municipality as that word was used in G.S. 160-445; (2) the advertisement of the proposed annexation was adequate to comply with the requirements of the statute; (3) the description used in the advertisement was adequate to meet statutory requirements; (4) there is no legally constituted board of commissioners of plaintiff sanitary district.

Based on the facts stated and conclusions drawn therefrom, the court dismissed the action. Plaintiff, having excepted to the findings of fact, conclusions of law, and the judgment, appealed.

*Claud F. Seila and W. C. Palmer for plaintiff, appellant.*
*L. H. Hall for defendant, appellees.*

RODMAN, J.   We think it unnecessary to compare the facts stated
in the judgment with the facts stipulated to ascertain if indeed there is
a variance or a mere condensation of the agreed statement of facts;
nor is it necessary to pass on exceptions 2, 3, and 4 to the court's con-
clusions of law.

In our opinion the case can properly be disposed of by considering
the exception to the judgment. If the correct result has been reached,
the judgment should not be disturbed even though the court may not
have assigned the correct reasons for the judgment entered.

A reading of the complaint immediately raises this question: Has
plaintiff stated a cause of action? If not, it is our duty, *ex mero motu,*
to take note of that fact. *Caldlaw, Inc. v. Caldwell,* 248 N.C. 235;
*Cotton Mills Co. v. Duplan Corp.,* 246 N.C. 88, 97 S.E. 2d 449;
*Ice Cream Co. v. Ice Cream Co.,* 238 N.C. 317, 77 S.E. 2d 910; *Aiken
v. Sanderford,* 236 N.C. 760, 73 S.E. 2d 911; *Watson v. Lee County,*
224 N.C. 508, 31 S.E. 2d 535.

Before one can call on a court to redress or protect against a wrong-
ful act done or threatened, he must allege that he is or will in some
manner be adversely affected thereby. He must be the real party in
interest. G.S. 1-57; *In re Pupil Assignment,* 247 N.C. 413; *Joyner v.
Board of Education,* 244 N.C. 164, 92 S.E. 2d 795; *Lipe v. Bank,* 236
N.C. 328, 72 S.E. 2d 759; *Thomas v. Insurance Co.,* 222 N.C. 754,
22 S.E. 2d 711; *Insurance Co. v. Locker,* 214 N.C. 1, 197 S.E. 555;
*Monfils v. Hazlewood,* 218 N.C. 215, 10 S.E. 2d 673; *Rental Co. v.
Justice,* 211 N.C. 54, 188 S.E. 609; *Bank v. Thomas,* 204 N.C. 599,
169 S.E. 189.

Plaintiff bases its assertion of violation of its rights on two legal
propositions: (1) Plaintiff and Lenoir are both municipal corpora-
tions. The statute does not permit defendant city to enlarge its bound-
ary so as to include any portion of the area lying within plaintiff's
corporate boundaries. (2) The enlargement of defendant's boundary
results in a diminution of plaintiff's corporate limits and has the effect
of transferring title to that portion of plaintiff's property, its water
mains, lying within the area transferred to the new sovereign.

Articles VII and VIII of the Constitution give the Legislature com-
plete authority to create, control, and dissolve cities, towns, and other
public corporations or governmental agencies. *Moore v. Board of Edu-
cation,* 212 N.C. 499, 193 S.E. 732; *Saluda v. Polk County,* 207 N.C.
180, 176 S.E. 298; *Starmount Co. v. Hamilton Lakes,* 205 N.C. 514,
171 S.E. 909; *Matthews v. Blowing Rock,* 207 N.C. 450, 177 S.E. 429;
*University v. High Point,* 203 N.C. 558, 166 S.E. 511; *Highlands v.*

*Hickory,* 202 N.C. 167, 162 S.E. 471; *Lutterloh v. Fayetteville,* 149 N.C. 65, 62 S.E. 758.

Exercising its constitutional authority, the Legislature has made general provision for the creation, modification, and operation of numerous kinds of public or quasi-public corporations. In the codification of our statute law these various agencies have been assigned their appropriate places dependent upon the functions they exercise. Illustrative: School District and School Administrative Units as governmental agencies are provided for in the chapter on education. G.S. 115. Drainage districts, quasi-public corporations, *Davenport v. Drainage District,* 220 N.C. 237, 17 S.E. 2d 1, are provided for in the chapter on drainage. Housing facilities are provided for in the chapter on housing authorities, G.S. 157, counties as governmental agencies, c. 153, sanitary districts in the chapter dealing with health, G.S. 130. These districts have been defined as quasi-municipal corporations. *Paper Co. v. Sanitary District,* 232 N.C. 421, 61 S.E. 2d 378. Cities and towns are provided for in c. 160 entitled "Municipal Corporations." That chapter does not purport to deal with sanitary districts or other quasi-municipal corporations.

The Legislature of 1947 took note of the need to provide some ready means by which cities might modify their corporate limits without awaiting the passage of some private act. It enacted a general statute dealing with the problem. That statute is now incorporated as Art. 36 of c. 160 of the General Statutes. The first section of the statute permits a city or town to annex contiguous territory which is "not embraced within the corporate limits of some other municipality." Does the word "municipality" as there used mean another city or town, or does it comprise sanitary districts and other quasi-municipal corporations? It is, we think, apparent that the word was intended to mean cities and towns and is limited to that meaning. That fact is, we think, apparent from the caption of the act and its preamble.

It is not unusual for one governmental agency to occupy the same territory as another governmental agency, and this is particularly true when the governmental objects are not coequal and coextensive. Instances are not wanting where the same general purpose is to be accomplished. *Drainage Commissioners v. Farm Association,* 165 N.C. 697, 81 S.E. 947. The town does not need to secure the approval of a sanitary district in order to enlarge its boundaries and cover the sanitary district. On the other hand, a sanitary district may with, but only with, the consent of a municipality, occupy the same territory as the city. G.S. 130-33.

Plaintiff exercises under the statute creating it both governmental functions and proprietary rights. In operating a water system to provide fire protection and kindred services it is acting in a governmental

capacity, *Baker v. Lumberton,* 239 N.C. 401, 79 S.E. 2d 886; *Mabe v. Winston-Salem,* 190 N.C. 486, 130 S.E. 169; *Mack v. Charlotte,* 181 N.C. 383, 107 S.E. 244. In supplying water to the individual inhabitants for their convenience, it was acting in a proprietary capacity. *Hamilton v. Rocky Mount,* 199 N.C. 504, 154 S.E. 844; *Munick v. Durham,* 181 N.C. 188, 106 S.E. 665; *Terrell v. Washington,* 158 N.C. 281, 73 S.E. 888.

Where there is in effect a merger or consolidation of corporations and the surviving corporation succeeds to all the duties and obligations of the constituent parts which then cease to exist, the survivor properly succeeds to the assets of the previous parts. It would be expected that the Legislature would so provide. *Green v. Asheville,* 199 N.C. 516, 154 S.E. 852; *Vilas v. Manila,* 220 U.S. 344, 55 L. ed. 491, 31 S. Ct. 416.

But where each corporation continues to survive and exercise the function authorized by the Legislature, each will continue to own and hold the property acquired and necessary for its corporate purposes. Certainly this is true in the absence of clear legislative mandate to the contrary.

The rule is well illustrated in the case of *City of Winona v. School District,* 12 Am. St. Rep. 687, 3 L.R.A. 46. There the town and the school district each operated a public school system. The town boundaries were enlarged so as to include a school house belonging to defendant. The third headnote, which accurately summarizes the decision, reads: "Where part of the territory of one municipal corporation is taken from it and annexed to another, the former corporation retains all its property, including that which happens to fall within the limits of such other corporation, unless some other provision is made by the act authorizing the separation."

Without specific language to so indicate, we will not assume that the Legislature intended to permit a city to acquire property of a quasi-municipal corporation by a mere enlargement of the city's boundaries. The mere fact that a person is moved into a city by a change of boundary does not deprive him or his vendor of the privilege of buying and selling water transported through the mains of the vendor.

Plaintiff has not alleged facts permitting it to challenge the validity of the proceedings by which Lenoir undertook to enlarge its corporate limits. *Turner v. Reidsville,* 224 N.C. 42, 29 S.E. 2d 211; *Utilities Commission v. Kinston,* 221 N.C. 359, 20 S.E. 2d 322; *Yarborough v. Park Commission,* 196 N.C. 284, 145 S.E. 563. The judgment dismissing the action is

Affirmed.

PARKER, J., not sitting.