Helen COVINGTON, personally and as mother and next friend of Cornett Covington, et al., Appellants,

v.

J. S. EDWARDS, Superintendent of Schools of Montgomery County, North Carolina, E. R. Wallace, D. C. Ewing, Harold A. Scott, James R. Burt and James Ingram, members of the Montgomery County Board of Education, Appellees.

No. 7802.

United States Court of Appeals Fourth Circuit.

Argued March 12, 1959.

Decided March 19, 1959.

Jack Greenberg, New York City, and J. Kenneth Lee, Greensboro, N. C. (Conrad O. Pearson, Durham, N. C., and Thurgood Marshall, New York City, on the brief), for appellants.

Thomas F. Ellis, Raleigh, N. C. (Garland S. Garriss, Troy, N. C., on the brief), for appellees.

Ralph Moody, Asst. Atty. Gen. of North Carolina (Malcolm B. Seawell, Atty. Gen. of North Carolina, on the brief), for State Board of Education and State Superintendent of Public Instruction.

Before SOBELOFF, Chief Judge, and SOPER and HAYNSWORTH, Circuit Judges.

PER CURIAM.

The parents of a number of Negro children in Montgomery County, North Carolina, brought this suit to secure an injunction against the Superintendent of Schools and the County Board of Education, directing the defendants to present a plan of desegregation of the races in the schools and forbidding them to assign Negroes to particular schools because of their race. The complaint was filed on July 29, 1955, as a class action by thirteen adults personally and as the next friends of the forty-five minor plaintiffs, all of whom are Negroes. The defendants filed an answer on September 22, 1955, alleging that the plaintiffs had failed to exhaust the administrative remedies provided by the State, in that they did not comply with the statutes of the State which regulate the assignment and enrollment of pupils in the public schools. On this account, the defendants moved the court to dismiss the suit, and the District Judge after hearing granted the motion.

We are of the opinion that the present case is ruled by the prior decisions of this court in Carson v. Board of Education, 4 Cir., 227 F.2d 789, and Carson v. Warlick, 4 Cir., 238 F.2d 724. In the first of these cases the following statement was made in the per curiam opinion (at page 790):

"* * * The Act of March 30, 1955,* entitled 'An Act to Provide for the Enrollment of Pupils in Public Schools', being chapter 366 of the Public Laws of North Carolina of the Session of 1955, provides for enrollment by the county and city boards of education of school children applying for admission to schools, and authorizes the boards to adopt rules and regulations with regard thereto. It further provides for application to and prompt hearing by the board in the case of any child whose admission to any public school within the county or city administrative unit has been denied, with right of appeal therefrom to the Superior Court of the county and thence to the Supreme Court of the state. An administrative

---

* This act in its present form is found in the General Statutes of North Carolina, Chapter 115, Article 21, Secs. 115-176 to 115-179. Changes of assignment are regulated by Sec. 115-178.

remedy is thus provided by state law for persons who feel that they have not been assigned to the schools that they are entitled to attend; and it is well settled that the courts of the United States will not grant injunctive relief until administrative remedies have been exhausted. * * * "

This case was brought to this court a second time, in Carson v. Warlick, supra, after the Supreme Court of North Carolina in Joyner v. McDowell County Board of Education, 244 N.C. 164, 92 S.E.2d 795, had interpreted the Pupil Placement Act of the State, and had held that the factors involved in the selection of appropriate schools for a child necessitated the consideration of the application of any child or children individually and not en masse. It was shown to this court that the plaintiffs, in the action in the court below, had not attempted to comply with the provisions of the statute as so interpreted but had merely inquired of the Secretary of the Board of Education what steps were being taken for the admission of colored children to the schools of the town of Old Fort, and that the school authorities in reply merely pointed out that no Negro pupil had made application to attend the school and that the board therefore had no cause to take any action in that connection. We therefore reaffirmed our previous decision and held that the plaintiffs were not entitled to relief because they had not exhausted their administrative remedies. In the course of the opinion Judge Parker said (238 F.2d at pages 728–729):

"Somebody must enroll the pupils in the schools. They cannot enroll themselves; and we can think of no one better qualified to undertake the task than the officials of the schools and the school boards having the schools in charge. It is to be presumed that these will obey the law, observe the standards prescribed by the legislature, and avoid the discrimination on account of race which the Constitution forbids. Not until

they have been applied to and have failed to give relief should the courts be asked to interfere in school administration. As said by the Supreme Court in Brown v. Board of Education, 349 U.S. 294, 299, 75 S.Ct. 753, 756, 99 L.Ed. 1083:

" ' * * * School authorities have the primary responsibility for elucidating, assessing, and solving these problems; courts will have to consider whether the action of school authorities constitutes good faith implementation of the governing constitutional principles'.

"It is argued that the statute does not provide an adequate administrative remedy because it is said that it provides for appeals to the Superior and Supreme Courts of the State and that these will consume so much time that the proceedings for admission to a school term will become moot before they can be completed. It is clear, however, that the appeals to the courts which the statute provides are judicial, not administrative remedies and that, after administrative remedies before the school boards have been exhausted, judicial remedies for denial of constitutional rights may be pursued at once in the federal courts without pursuing state court remedies. Lane v. Wilson, 307 U.S. 268, 274, 59 S.Ct. 872, 83 L.Ed. 1281. Furthermore, if administrative remedies before a school board have been exhausted, relief may be sought in the federal courts on the basis laid therefor by application to the board, notwithstanding time that may have elapsed while such application was pending. Applicants here are not entitled to relief because of failure to exhaust what are unquestionably administrative remedies before the board.

"There is no question as to the right of these school children to be admitted to the schools of North Carolina without discrimination on the ground of race. They are ad-

mitted, however, as individuals, not as a class or group; and it is as individuals that their rights under the Constitution are asserted. Henderson v. United States, 339 U.S. 816, 824, 70 S.Ct. 843, 94 L.Ed. 1302. It is the state school authorities who must pass in the first instance on their right to be admitted to any particular school and the Supreme Court of North Carolina has ruled that in the performance of this duty the school board must pass upon individual applications made individually to the board. The federal courts should not condone dilatory tactics or evasion on the part of state officials in according to citizens of the United States their rights under the Constitution, whether with respect to school attendance or any other matter; but it is for the state to prescribe the administrative procedure to be followed so long as this does not violate constitutional requirements, and we see no such violation in the procedure here required. * * *"

■ We are advertent to the circumstances upon which the plaintiffs rest their case, namely, that the County Board has taken no steps to put an end to the planned segregation of the pupils in the public schools of the county but, on the contrary, in 1955 and subsequent years, resolved that the practices of enrollment and assignment of pupils for the ensuing year should be similar to those in use in the current year. If there were no remedy for such inaction, the federal court might well make use of its injunctive power to enjoin the violation of the constitutional rights of the plaintiffs but, as we have seen, the State statutes give to the parents of any child dissatisfied with the school to which he is assigned the right to make application for a transfer and the right to be heard on the question by the Board. If after the hearing and final decision he

is not satisfied, and can show that he has been discriminated against because of his race, he may then apply to the federal court for relief. In the pending case, however, that course was not taken, although it was clearly outlined in our two prior decisions, and the decision of the District Court in dismissing the case was therefore correct. This conclusion does not mean that there must be a separate suit for each child on whose behalf it is claimed that an application for reassignment has been improperly denied. There can be no objection to the joining of a number of applicants in the same suit as has been done in other cases. The County Board of Education, however, is entitled under the North Carolina statute to consider each application on its individual merits and if this is done without unnecessary delay and with scrupulous observance of individual constitutional rights, there will be no just cause for complaint.

■ The appellants also raise the point that the District Judge was wrong in rejecting the motion of the plaintiffs to amend the bill of complaint by joining the State Board of Education and the Superintendent of Public Instruction of the State as parties defendant. It is pointed out that the State Board has general control of the supervision and administration of the fiscal affairs of the public schools and other important powers conferred by the General Statutes, secs. 115–4, 115–11 and 115–283. The provisions of sec. 115–178 of the Pupil Placement Act, however, places the authority in the County boards of education to make the assignments and enrollment of pupils and contains no direction for the participation of the State Board of Education in these matters. We therefore think that nothing would be gained by joining these officials as additional defendants and that the judge was correct in denying the motion to amend the complaint.

Affirmed.