Argued and submitted April 21,
affirmed July 14, reconsideration denied August 21,
petition for review denied October 21, 1980 (289 Or 903)

# VILLALOBOS,
*Appellant,*
*v.*
## UNIVERSITY OF OREGON,
*Respondent.*

(No. 16-79-03185, CA 15161)

614 P2d 107

Mike Dye, Salem, argued the cause and filed the brief for appellant.

Jan P. Londahl, Assistant Attorney General, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

WARREN, J.

**WARREN, J.**

This is an action under the Oregon Tort Claims Act, ORS 30.260 to 30.300, for the wrongful death of Ricardo Villalobos brought by his personal representative. Plaintiff appeals from a judgment in favor of defendant entered on defendant's demurrer in which the trial court ruled that the action was barred by the statute of limitations.

Decedent was enrolled in a high school equivalency program for minority students on the campus of defendant and was a resident in one of defendant's dormitories. Decedent was stabbed to death in the dormitory on February 11, 1977. On April 3, 1979, plaintiff filed a complaint entitled "Complaint (At Law) Wrongful Death." The first count is based on negligence and the second count on breach of an implied warranty of "habitability and safety." The theory of the second count is that decedent had surrendered control of his person and security to defendant, which thereafter breached an implied contractual duty, arising from the tenancy, to protect decedent from the criminal activities of third persons. The trial court sustained defendant's demurrer on the ground that the two-year period in which to bring the action under ORS 30.275(3)[1] had expired before the complaint was filed. Plaintiff contends the applicable statute of limitations is ORS 12.080,[2] providing that actions on express or implied contracts may be commenced within six years.

---

[1] ORS 30.275(3) provides:

"No action shall be maintained unless such notice has been given and unless the action is commenced within two years after the date of such accident or occurrence. The time for giving such notice does not include the time, not exceeding 90 days, during which the person injured is unable to give the notice because of the injury or because of minority, incompetency or other incapacity."

[2] ORS 12.080 provides:

"(1) An action upon a contract or liability, express or implied,

In *Securities-Intermountain, Inc. v. Sunset Fuel,* 289 Or 243, 611 P2d 1158 (1980), an action for damages against a provider of services, the Supreme Court after a historical review of the statutory and case law set forth the test for determining whether the statute of limitations for contract actions is applicable when a contract is pleaded but it is contended that the action is in reality one in tort to which a shorter statute of limitations applies:

"Thus the statutes and the precedents leave us with several variations when an action for damages against one engaged to provide professional or other independent services is commenced after two years and is pleaded as a breach of contract. *If the alleged contract merely incorporates by reference or by implication a general standard of skill and care to which the defendant would be bound independent of the contract, and the alleged breach would also be a breach of this noncontractual duty, then ORS 12.110 applies. Dowell v. Mossberg, supra* [226 Or 173, 355 P2d 624, 359 P2d 541 (1961)]. Conversely, the parties may have spelled out the performance expected by the plaintiff and promised by the defendant in terms that commit the defendant to this performance without reference to and irrespective of any general standard. Such a defendant would be liable on the contract whether he was negligent or not, and regardless of facts that might excuse him from tort liability. Or the nature either of the defendant's default or of the plaintiff's loss may be of a kind that would not give rise to liability apart from the terms of their

excepting those mentioned in ORS 12.070 and 12.110 and except as otherwise provided in ORS 72.7250;

"(2) An action upon a liability created by statute, other than a penalty or forfeiture, excepting those mentioned in ORS 12.110;

"(3) An action for waste or trespass upon or for interference with or injury to any interest of another in real property, excepting those mentioned in ORS 12.050, 12.060, 12.135 and 273.241; or

"(4) An action for taking, detaining or injuring personal property, including an action for the specific recovery thereof;

"shall be commenced within six years."

agreement. [Footnote deleted.] In such cases, there is no reason why an action upon the contract may not be commenced for the six years allowed by ORS 12.080. Again, the scope of the damages demanded may characterize a complaint as founded in tort rather than in contract. *Ashmun v. Nichols, supra* [92 Or 223, 178 P 234, 180 P 510 (1919)]; *Goodman v. Fernald, supra* [154 Or 654, 61 P2d 1253 (1936)]. But if the complaint nonetheless alleges the necessary elements of an action for breach of contract, including the alleged injury, nothing in the statutes prevents proceeding on that theory and limiting the damages accordingly. (Emphasis added.) [at 259, 611 P2d at 1167.]"

We find the emphasized language in the above paragraph dispositive in the context of this case. The alleged contract here incorporates by implication a general standard of care to which defendant would be bound independent of any warranty. While the asserted contractual relationship between decedent and defendant may have provided the occasion for the alleged misfeasance, the claimed breach of warranty is essentially a breach of a duty to exercise reasonable care concerning security precautions. Defendant would not be liable to the decedent or his estate if, despite the exercise of reasonable care, the decedent sustained an injury. This can be seen by reference to the authority on which plaintiff relies to sustain her theory that the implied warranty of habitability and safety applies to this case.

Plaintiff relies upon the California case of *Duarte v. State,* 84 Cal App 3d 729, 148 Cal Rptr 804, 811 (1978), which in turn relies upon the following language in *Kline v. 1500 Massachusetts Avenue Corp.,* 141 US App DC 370, 378, 439 F2d 477 (1970):

"There is implied in the contract between landlord and tenant an obligation on the landlord to provide those protective measures which are within his *reasonable* capacity." (Emphasis added.)

[107]

The implied warranty itself is predicated upon an ordinary standard of reasonable care. Breach of the duty under the warranty theory would also be a breach of the duty to exercise reasonable care to which the defendant would be bound independent of the claim of warranty. *Securities-Intermountain, Inc. v. Sunset Fuel, supra.* The applicable statute of limitations is ORS 30.275(3) which the trial court properly applied.

Affirmed.