398 So.2d 860 (1981)
TEN ASSOCIATES, a General Partnership and Jerry A. Gross, Stanley Cohen, Monroe Dixon, General Salvador Felices, Howard P. Gross, Muriel Hattenbach, Laurans A. Mendelson, Dennis Richard, George Richards and Gene Strews, Appellants,
v.
Mildred McCUTCHEN, Appellee.
No. 80-745.
District Court of Appeal of Florida, Third District.
April 28, 1981.
Rehearing Denied June 10, 1981.
*861 Pyszka, Kessler & Adams, Greene & Cooper and Joan M. Bolotin, Miami, for appellants.
Goldstein Professional Ass'n, and Caron Balkany Goldstein, Miami, for appellee.
Before HENDRY, NESBITT and FERGUSON, JJ.
FERGUSON, Judge.
On September 13, 1977, an intruder entered through a window and raped appellee Mildred McCutchen in her apartment. McCutchen sued the landlord, Ten Associates, for failure to provide adequate security and failure to warn her of the risk of intrusion through a window. A jury found that negligence of Ten Associates was the sole legal cause of injury to McCutchen and awarded her $76,000.00 damages. Ten Associates appeals from that verdict. We affirm.
The apartment is part of the West Club Apartments, a five-building, four-story complex located in a high-crime area in northwest Miami. Ten Associates advertised and provided twenty-four hour security service. McCutchen considered leasing the apartments because she was concerned about security and testified that she relied on the advertisement for twenty-four hour guards when she signed her lease. McCutchen also testified that prior to signing the lease she had asked the manager if the apartment was safe and he had responded, yes, that they had security guards.
Ten Associates employed four resident guards who sometimes worked twelve-hour shifts. Management had discussed various methods of security. There was a policy of keeping two guards on at night in overlapping shifts although frequently only one guard was on duty. Three of four entrances were sealed and a guard house built at the remaining entrance. A guard was put at the front gate to check people coming in and out, but that method of security was abandoned as useless. Management acknowledged a problem in getting good security guards. At times the guards were in their apartments when they were supposed to be on duty. The guard who was on duty the night of the incident had been reprimanded twice for poor performance. No security guard responded when another tenant screamed for help for McCutchen. When the police arrived twenty minutes later, however, they found a guard on duty.
There had been numerous complaints to management about the security and that the guards were never around or did not respond to calls for help. Management knew that there had been substantial criminal activity within the year prior to the attack on McCutchen including at least one rape and an attempted rape committed after the intruder came through the apartment window. At trial, evidence was introduced of fifteen police reports of break-ins at the apartment complex committed during the two-month period prior to the rape of McCutchen. Eleven of the break-ins were committed through the window.
A landlord is not an insurer of his tenants and generally has no duty to protect his tenants against criminal activity. There is, however, a growing recognition in Florida that a landlord's duty of reasonable care may include the duty to protect a tenant from the results of reasonably foreseeable criminal conduct.[1]Whelan v. Dacoma *862 Enterprise, Inc., 394 So.2d 506 (Fla. 5th DCA 1981); Relyea v. State, 385 So.2d 1378 (Fla. 4th DCA 1980); Holley v. Mt. Zion Terrace Apartments, Inc., 382 So.2d 98 (Fla. 3d DCA 1980).
On the facts in this case, the landlord clearly recognized and assumed the duty to protect his tenants from foreseeable criminal conduct.[2] Ten Associates admits knowledge of prior criminal activity including attempted rape, hired security guards, and advertised twenty-four hour guard service. The issue here is whether Ten Associates was negligent in performing that duty so as to be the proximate cause of McCutchen's injuries.
We are sensitive to the claim of Ten Associates that it did everything reasonable to prevent criminal intrusion.[3] Decisions in other jurisdictions illustrate the dilemma. A court may be sympathetic to the plight of a tenant who has relatively little control of his premises. The same court, however, may hesitate to place on the landlord the burden of installing security measures when it is uncertain what measures will deter crime and when the expense of such measures will ultimately fall on the tenant. In Goldberg v. Housing Authority, 38 N.J. 578, 186 A.2d 291 (1962) the court, noting the prevalence of crime in today's society, stated:
The question is not simply whether a criminal event is foreseeable, but whether a duty exists to take measures to guard against it. Whether a duty exists is ultimately a question of fairness. The inquiry involves a weighing of the relationship of the parties, the nature of risk and the public interest in the proposed solution.
In 7735 Hollywood Boulevard Venture v. Superior Court of Los Angeles County, 115 Cal. App.3d 411, 171 Cal. Rptr. 317 (App. 1981), the court stated:
It is an easy matter to know whether a stairway is defective and what repairs would put it in order . .. but how can one know what measures will protect against the thug, the narcotic addict, the degenerate, the psychopath and the psychotic? ... A proprietor of the premises is not the insurer of the safety of persons on the premises. His duty to control the acts of third persons is a duty of reasonable care to protect against known or reasonably foreseeable risk. He is not required to take precaution against attacks by third persons which he has no reason to anticipate.
Once a duty exists, however, the question of whether a landlord breached his duty to protect tenants against reasonably foreseeable[4] criminal activity is properly a question for the jury. In Holley, supra, we stated: "Under our system, it is peculiarly a jury function to determine what precautions are reasonably required in the exercise *863 of a particular duty."[5] We also rejected the argument that a deliberate act of rape constituted an independent intervening cause which could insulate a landlord from liability.[6] The question of negligence and proximate cause was properly submitted to the jury. See Dick v. Great South Bay Company, supra, Graham v. M. & J. Corp., supra, Loeser v. Nathan Hale Gardens, Inc., supra, Smith v. General Apartment Co., 133 Ga. App. 927, 213 S.E. 74 (1975).
We have reviewed the record and find evidence sufficient to support a jury verdict that the negligence of Ten Associates was the proximate cause of injuries to McCutchen. The foreseeability of the criminal activity is a decisive factor in determining causation as it is in determining duty. Graham, supra.[7] Where the landlord knew or had constructive knowledge of a prior rape and attempted rape, and of numerous intrusions through apartment windows, a jury could reasonably determine under the circumstances of this case that the protective measures were inadequate and that such inadequacy contributed substantially to the entry and subsequent rape. We also find no error in the fact that as between McCutchen and Ten Associates, the jury found Ten Associates solely negligent.
We next consider Ten Associates' argument that evidence taken from police reports of breaking and entering into the apartment complex was improperly admitted at trial. McCutchen was not permitted to introduce the certified copies of the police reports into evidence. Over the objection of defense counsel, McCutchen was, however, allowed to show the reports to Ruiz. Without identifying the incidents, Ruiz testified as to whether he remembered each incident. The Court subsequently required an in camera inspection of the police reports by defense counsel. Defense counsel stated:
"I really can't  since I intend to do the same thing I can't really object to putting in  that there were reports made."
Counsel for McCutchen then read into evidence the type of incident, date, method of entry, and case number. On appeal, defense counsel claims that Ten Associates agreed to permit the reading of the list only because Ruiz had been permitted to testify if he remembered an incident and that Ten Associates "preferred having the specifics presented to the jury rather than let the jury ponder unrevealed implied horrors."
Although there is normally no need to object repeatedly every time the court has ruled on an objection, LeRetilley v. Harris, 354 So.2d 1213 (Fla. 4th DCA 1978), cert. denied, 359 So.2d 1216 (Fla. 1978), we hold that consent to introduction of the same evidence previously objected to acts as a waiver to that objection and results in this point not being properly preserved for our review. See, e.g., Dowd v. Star Manufacturing Co., 385 So.2d 179 (Fla. 3d DCA 1980).
Affirmed.
NOTES
[1] Other jurisdictions find a duty on the part of a landlord to protect tenants from foreseeable criminal activity based on either (a) warranty of habitability, see Flood v. Wisconsin Real Estate Investment Trust, Inc., 503 F. Supp. 1157 (D.Kan. 1980); Villalobos v. University of Oregon, 47 Or. App. 103, 614 P.2d 107 (1980); Trentacost v. Brussel, 82 N.J. 214, 412 A.2d 436 (1980); or (b) implied or expressed contract and/or the traditional tort theory of negligence based on foreseeability, see Doyle v. Exxon Corp., 592 F.2d 44 (2d Cir.1979); Kline v. 1500 Massachusetts Avenue Apartment Corp., 141 U.S.App.D.C. 370, 439 F.2d 477 (D.C. Cir.1970); Dick v. Great South Bay Co., 435 N.Y.S.2d 240 (N.Y. Civ. Ct. 1981); Loeser v. Nathan Hale Gardens, 73 A.D.2d 187, 425 N.Y.S.2d 104 (S.Ct. App.Div. 1980); Phillips v. Chicago Housing Authority, 91 Ill. App.3d 544, 47 Ill.Dec. 17, 414 N.E.2d 1133 (1980); Graham v. M. & J. Corp., 424 A.2d 103 (D.C.App. 1980); Pippin v. Chicago Housing Authority, 78 Ill.2d 204, 35 Ill.Dec. 530, 399 N.E.2d 596 (Ill. 1979); O'Hara v. Western Seven Trees Corp. Intercoast, 75 Cal. App.3d 798, 142 Cal. Rptr. 487 (1977); Scott v. Watson, 278 M.D. 160, 359 A.2d 548 (1976); Sherman v. Concourse Realty Corp.,, 47 A.D.2d 134, 365 N.Y.S.2d 239 (1975); Stribling v. Chicago Housing Authority, 34 Ill. App.3d 551, 340 N.E.2d 47 (1975); Braitman v. Overlook Terrace Corp., 68 N.J. 368, 346 A.2d 76 (1975). See also, Annot., 43 A.L.R.3d 331 (1972).
[2] Because both the elements of foreseeability and implied or express contract are present in this case we do not decide whether in Florida foreseeability alone is a sufficient basis for finding the duty, or whether, in addition, a landlord must expressly or impliedly assume such a duty. See Whelan, Beranek, J., dissenting, supra, Holley, supra.
[3] Ten Associates admits that criminal activity was foreseeable despite its precautions, but argues that it could not change the neighborhood.
[4] The standard of "reasonably foreseeable" has been narrowly drawn by some courts in an attempt to limit the duty of the landlord. See 7735 Hollywood Boulevard Venture v. Superior Court of Los Angeles County, supra, distinguishing O'Hara v. Western Seven Trees Corp., supra; see, e.g. Highland Ins. Co. v. Gilday, 398 So.2d 834 (Fla. 4th DCA 1981); Relyea v. State, supra; Drake v. Sun Bank & Trust Co. of St. Petersburg, 377 So.2d 1013 (Fla. DCA 1979).
[5] Holley, supra, 382 So.2d at 101.
[6] Id.
[7] See also note 4, supra, and cases cited.