RYDER, Judge.
Rhonda English appeals from a directed verdict adverse to her claim for personal injuries arguing that she presented sufficient evidence to create a jury question on the issue of liability. We agree and reverse.
Appellant brought suit against the Board of Regents alleging that the Board was negligent in its failure to maintain stairs in a reasonably safe manner and its failure to warn her of an unreasonably slippery surface of the stairs resulting in her slip and fall.
The evidence showed that the referenced stairway at the University of South Florida was constructed in August 1961. The stairs were made of slate which is smoother and, when wet, more slippery than concrete. Although in good structural condition, in good *440 repair and equipped with handrails, the stairs were the only slate stairs on campus which were uncovered and exposed to the elements. The stairs had a slight pitch and water accumulated on them when it rained.
A short time prior to the fall, the University had applied an etching liquid to the slate steps as an experiment to roughen up the surface. Other methods to reduce slipperiness had been used in other places, but the University considered these methods expensive and unnecessary on the slate stairs. Although warning signs had been put on other areas of the campus, the University’s director of safety testified that no sign warning of the slippery condition was posted at the questioned stairway because he felt it was unnecessary.
Appellant began classes in the building in the spring of 1977 and had used the stairs only a few weeks before her fall. She could not remember traversing the stairs prior to her fall when they were wet. At the time of her fall, she was stepping slowly upon the stairs but not utilizing an available handrail. Another student, David Marrow, testified that the slate stairs were slippery when wet and that he had to be more cautious in using them than he did in using any other stairs on campus.
The trial court reserved ruling on appel-lee’s motion for directed verdict until after the jury returned, then granted the motion. We hold that the trial judge invaded the province of the jury in deciding that there was no duty to warn appellant below. It is peculiarly a jury function to determine what precautions are reasonably required in the exercise of a particular duty. Ten Associates v. McCutchen, 398 So.2d 860 (Fla.3d DCA 1981). What is and what is not negligence in a particular case is generally a question for the jury and not for the court. Acme Electric, Inc. v. Travis, 218 So.2d 788 (Fla. 1st DCA 1969).
The judgment below is REVERSED and the case REMANDED for reinstatement of the jury verdict with interest from the date entered.
HOBSON, A. C. J., and DANAHY, J., concur.