459 So.2d 413 (1984)
Carron M. CUTLER, Appellant,
v.
The BOARD OF REGENTS OF THE STATE OF FLORIDA, Appellee.
No. AN-169.
District Court of Appeal of Florida, First District.
November 15, 1984.
*414 Frank T. Johnson, Tampa, for appellant.
Pamela L. Lutton, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Judge.
This is an appeal by Carron M. Cutler from an order dismissing her complaint, with prejudice, for failure to state a cause of action against the Board of Regents (BOR). An underlying issue in this case is whether sovereign immunity acts as a bar to recovery for damages sustained by appellant when she was assaulted and raped by three armed assailants in her dormitory room on the campus of Florida Agricultural and Mechanical University (FAMU). Finding that appellant should be given an opportunity to amend her complaint to allege ultimate facts entitling her to relief, we reverse and remand to the trial court.
When considering a motion to dismiss for failure to state a cause of action, factual allegations of the complaint must be taken as true and all reasonable inferences are assumed in favor of the plaintiff. Ralph v. City of Daytona Beach, ___ So.2d ___ (Fla. 1983), Case No. 62,094, opinion filed February 17, 1983 [8 FLW 79] (rehearing pending); and Bryan v. State Department of Business Regulation, 438 So.2d 415 (Fla. 1st DCA 1983). The facts as alleged in the complaint, may be fairly summarized as follows: Appellant entered FAMU as a freshman in 1979. She contracted for living accommodations in the university owned and operated Wheatley Hall. FAMU represented to her that the university dormitory was reasonably safe and secure for the safety of female students and no unusual steps needed to be taken to insure her safety from sexual and other violent assaults within the dormitory. At the same time, university officials were aware or should have been aware of the existence of numerous other assaults, attacks, and rapes on female members of the university community. On or about May 2 or May 3, 1980, three armed assailants used the common areas of the dormitory to gain entrance into appellant's room where the sexual and physical assaults occurred.
Appellant's complaint alleges liability in five counts: (1) breach of warranty of habitability; (2) failure to control conduct of third person; (3) breach of duty to anticipate; (4) misrepresentation; and (5) failure to maintain common areas. A number of these counts contain an amalgam of tort and contract principles. In essence, however, counts two, three, four and five primarily attempt to allege a cause of action for negligence, while count one attempts to allege breach of a contractual obligation to plaintiff. Initially we examine counts two, three, and five, which we perceive as an attempt to charge BOR with a breach of its duty to provide reasonable security from foreseeable criminal acts against student tenants by third party intruders.
The landlord's duty to protect his tenants against the criminal activities of third persons has been the subject of considerable litigation. Annotation, 43 A.L.R.3d 331 (1972). Although Florida recognizes no duty on the landlord's part to protect his tenants against criminal conduct of third persons merely by reason of the landlord-tenant relationship, recent Florida decisions have held that a landlord, who recognizes and assumes the duty to protect his tenants from foreseeable criminal *415 conduct, may be liable if he fails to take reasonable precautions to prevent injury to his tenants from this conduct. Lambert v. Doe, 453 So.2d 844 (Fla. 1st DCA 1984); Ten Associates v. McCutchen, 398 So.2d 860 (Fla. 3d DCA 1981); Whelan v. Dacoma Enterprises, Inc., 394 So.2d 506 (Fla. 5th DCA 1981); and Holley v. Mt. Zion Terrace Apartments, Inc., 382 So.2d 98 (Fla. 3d DCA 1980). However, it does not appear to be settled in Florida whether liability may be predicated on foreseeability alone, i.e., whether a landlord has a duty to provide reasonable security from foreseeable criminal acts against tenants by third party intruders, absent an allegation that the landlord expressly or impliedly assumed such a duty. Ten Associates v. McCutchen, 398 So.2d 860, 862 n. 2.
Although appellant attempts to allege foreseeability, the bare allegations of her complaint are conclusory in nature, without supporting facts. She alleges that university officials were aware, or should have been aware, of the existence of other assaults and rapes on female members of the university community; but she has failed to allege where or when these assaults and rapes occurred, or any other circumstances indicating the basis upon which to presume such knowledge on the part of BOR. Did they occur on or nearby the FAMU campus or in the next town? Did they occur at some remote time in the past, or within reasonably close proximity in time to the attack against appellant? See Highlands Insurance Company v. Gilday, 398 So.2d 834 (Fla. 4th DCA 1981); and Relyea v. State, 385 So.2d 1378 (Fla. 4th DCA 1981). Moreover, the complaint fails to allege that FAMU either expressly or impliedly assumed a duty to provide adequate security measures at Wheatley Hall. No facts are alleged concerning security measures in force at the time the landlord-tenant relationship between the parties began or whether such security measures, if they existed, were in force when the rape occurred.[1] Although appellant does allege that FAMU represented to her that the university was reasonably safe and secure for the safety of female students, we are unable to infer from this allegation facts sufficient to support a cause of action for breach of an assumed duty to protect student tenants from foreseeable criminal conduct. Nevertheless, since this was appellant's initial complaint, an opportunity to amend should have been given under the rule favoring liberality of amendments so that the merits of the case may be reached. Sapp v. City of Tallahassee, 348 So.2d 363, 366 (Fla. 1st DCA 1977).[2]
A further comment is necessary concerning appellant's attempt to allege misrepresentation. Noticeably absent from this count is an allegation concerning her reliance upon the university's representations that Wheatley Hall was reasonably safe and secure, and that appellant needed to take no unusual steps to insure her safety from sexual and other violent assaults in the dormitory. Restatement of Torts, 2d, §§ 552-552B. Again, we cannot fairly infer this necessary element from the limited factual allegations in this complaint. But as with the other counts based on negligence, we are of the view that appellant should be given an opportunity to amend to include, if she can, the necessary allegations to support her cause of action for negligent misrepresentation. Sapp v. City of Tallahassee, supra.
Next, we address the question of whether the trial court's dismissal order should nevertheless be sustained on the grounds that sovereign immunity bars any cause of action against BOR based on negligence. Resolution of this question requires that we determine whether the landlord *416 functions performed by BOR are "operational-level" or "judgmental, planning-level" functions of government as discussed in Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla. 1979). Bryan v. State Department of Business Regulation, supra.
Unfortunately, any analysis based upon Commercial Carrier is hopelessly impeded by the sparsity of factual allegations in the complaint. Since we have previously determined that appellant should be given an opportunity to amend her complaint to include the ultimate facts which will entitle her to relief, if she can, a determination under Commercial Carrier must await any amended complaint. See Kirkland v. State, Department of Health and Rehabilitative Services, 424 So.2d 925 (Fla. 1983).
We have not overlooked the cases cited by BOR, which have held that deployment of police officers and campus security personnel is a planning-level governmental function which deserves immunity from tort liability. Wong v. City of Miami, 237 So.2d 132 (Fla. 1970); Relyea v. State, supra; and Ellmer v. City of St. Petersburg, 378 So.2d 825 (Fla. 2d DCA 1979). See also, Neumann v. Davis Water and Waste, Inc., 433 So.2d 559 (Fla. 2d DCA 1983), pet. for rev. den., 441 So.2d 632 (Fla. 1983). Nevertheless, due to the evolving nature of this particular area of the law, we cannot preclude the possibility that appellant may be able to state a cause of action for negligence against BOR. Huhn v. Dixie Insurance Company, 453 So.2d 70 (Fla. 5th DCA 1984) (municipal corporation does not enjoy sovereign immunity for actions of police officers who stop visibly intoxicated driver who is operating motor vehicle in careless and reckless fashion, but do not arrest or detain driver who later causes injury to plaintiff  conflict certified); LeMieux v. Miami Dade Community College, 448 So.2d 560 (Fla. 3d DCA 1984) (error to enter summary judgment where factual issues remain concerning injuries sustained when plaintiff was attacked by an intruder in a restroom at Miami Dade Community College); Palmer v. City of Daytona Beach, 443 So.2d 371 (Fla. 5th DCA 1983) (city may be held liable to property owner for damages caused by negligent acts of city's firefighters in combating fire  question certified); Smith v. Department of Corrections of State, 432 So.2d 1338 (Fla. 1st DCA 1983) (DOC not entitled to immunity from liability where an inmate, negligently given preferential treatment and placed in inadequately supervised confinement, escapes and commits armed robbery injuring plaintiff); Cottone v. Broward County School Board, 431 So.2d 355 (Fla. 5th DCA 1983) (summary judgment error in action for injuries sustained by female high school student while engaged in flag football game); and Relyea v. State, 385 So.2d at 1382. Contra, Ursin v. Law Enforcement Insurance Company, Ltd., 450 So.2d 1282 (Fla. 2d DCA 1984) (suit by plaintiff, who was kidnapped and sexually molested by prisoner who escaped while serving as trustee in jail house kitchen barred by sovereign immunity  conflict certified); Rodriguez v. City of Cape Coral, 451 So.2d 513 (Fla. 2d DCA 1984) (sovereign immunity bars suit against city and city police officer for failure to take intoxicated pedestrian into protective custody and pedestrian subsequently killed); accord City of Cape Coral v. Duvall, 436 So.2d 136 (Fla. 2d DCA 1983); and Everton v. Willard, 426 So.2d 996 (Fla. 2d DCA 1983). We caution that this recitation of authorities should not be construed as a comment by this court on the merits of any of appellant's alleged causes of action or for that matter, whether BOR may or may not enjoy sovereign immunity from suit.
However, at a minimum, we conclude that appellant attempted, albeit inadequately, to allege in her complaint a failure of the duty to warn of a known dangerous condition. This duty has been recognized by the Florida Supreme Court to be an operational-level function of government not subject to sovereign immunity. Perez v. Department of Transportation, 435 So.2d 830 (Fla. 1983); Ralph v. City of Daytona Beach, supra; City of St. Petersburg v. Collom, 419 So.2d 1082 (Fla. 1982); see *417 also English v. Florida State Board of Regents, 403 So.2d 439 (Fla. 2d DCA 1981). Under the circumstances, we find that appellant is entitled to an opportunity to file an amended complaint on this ground. Perez v. Department of Transportation, supra; Emig v. State Department of Health and Rehabilitative Services, 456 So.2d 1204 (Fla. 1st DCA 1984).
Turning now to appellant's cause of action for breach of warranty of habitability, we can find no Florida precedent directly supporting this theory of liability. However, other jurisdictions have found a duty on the part of a landlord to protect tenants from foreseeable criminal activity based upon a warranty of habitability. See the cases cited in Ten Associates v. McCutchen, 398 So.2d 860, 862 n. 2 (Fla. 3d DCA 1981), and Annotation, 43 A.L.R.3d 311, § 6(c) (1972). Moreover, in the landmark decision of Kline v. 1500 Massachusetts Avenue, Apartment Corp., 141 U.S.App. D.C. 370, 439 F.2d 477 (D.C. Cir.1970), the court recognized a duty on the part of the landlord to take protective measures to guard the premises and maintain common areas within his exclusive control against foreseeable criminal acts of third persons. The court supported the imposition of such a duty by analogizing the case to similar cases placing the duty to maintain the premises on the landlord based upon an implied warranty of habitability.
Again, our ability to analyze this potential cause of action is foreclosed by the paucity of factual allegations in the complaint. Further, appellant failed to attach to the complaint her rental contract with FAMU or any other document supporting this cause of action. Nevertheless, we find that fairness requires the appellant be permitted an opportunity to amend her complaint to attempt to state a cause of action upon this theory. We note in passing that the Supreme Court of Florida has recently held that sovereign immunity is not a bar to an action on the breach of an express, written contract entered into by a state agency under its statutory authority. Pan-Am Tobacco Corporation v. Department of Corrections, ___ So.2d ___ (Fla. 1984), Case No. 63,215, opinion filed March 1, 1984 [9 FLW 73] (rehearing pending). We intimate no view whether sovereign immunity may act as a bar to an action for the breach of an express or implied warranty of habitability.
This cause is REVERSED and REMANDED to the trial court for proceedings consistent with this opinion.
JOANOS and NIMMONS, JJ., concur.
NOTES
[1] By mentioning these and other possibly overlooked allegations, we do not mean to imply they are determinative or all-inclusive.
[2] In view of the present posture of this case, we do not decide whether a cause of action against a landlord may be predicated on foreseeability alone without an allegation that the landlord expressly or impliedly assumed a duty to take security measures to protect tenants against foreseeable criminal conduct.