593 So.2d 291 (1992)
James H. GRISSETT, Appellant,
v.
CIRCLE K CORPORATION OF TEXAS, Appellee.
No. 89-03234.
District Court of Appeal of Florida, Second District.
January 22, 1992.
Rehearing Denied February 12, 1992.
Joel D. Eaton of Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, *292 P.A., Miami and Patrick Dekle, Tampa, for appellant.
A. Wade James of Hampp, Schneikart, James & Hensley, P.A., St. Petersburg, for appellee.
RYDER, Acting Chief Judge.
James H. Grissett seeks review of the trial court's entry of final summary judgment in favor of Circle K Corporation of Texas in this personal injury/negligence action. We reverse.
Mr. Grissett's complaint alleged that he was using a public telephone located on the front wall of Circle K's convenience store when an automobile in Circle K's parking lot "lost its brakes," rolled up onto the sidewalk where he was standing and crushed him against the storefront. The complaint further alleged that Circle K was negligent in creating or allowing to be created a dangerous and unsafe condition due to the absence of protective barriers so as to make the use of the telephones reasonably safe. The complaint alleged that Circle K either knew or should have known, in the exercise of reasonable care, of the unsafe condition. Circle K answered, generally denying liability. Following limited discovery, Circle K moved for summary judgment contending that, as a matter of law, it breached no duty of care to Mr. Grissett.
In support of its motion, Circle K filed the deposition of Pattie Kamermeyer, its Suncoast Division Merchandiser. As part of her job duties, Ms. Kamermeyer writes reports on incidents which arise at stores in her area. Ms. Kamermeyer stated in her deposition that she had asked a secretary named Jody at the district office to look in the files for other similar incidents, and that Jody told her she could not find any reports of similar incidents at the store at which Mr. Grissett was injured. Ms. Kamermeyer also stated that she was not aware of any previous accidents at the store, and that she knew of no customer ever being hit by a car on a convenience store sidewalk.
Ms. Kamermeyer acknowledged that, notwithstanding that all of Circle K's storefront sidewalks are raised above the parking lot level, some of its stores also have vertical "bumper posts" installed where the sidewalk begins and the parking lot ends. She also acknowledged that some stores used horizontal "curb bumpers" in front of the sidewalk and that such bumpers were used at one of Circle K's stores near her office.
In opposition to Circle K's motion, Mr. Grissett filed the affidavits of two experts, both registered professional engineers. The affidavits stated that Circle K's telephone placement and attendant barrier curb were defectively designed or constructed. The defects were in the placement of the telephones on the front of the store immediately in front of head-in parking protected by only a 4.25-inch to 5.25-inch curb without adequate car stops. One affidavit indicated that an automobile traveling less than 5 m.p.h. can easily mount a curb having a height of five inches. The affidavits concluded that the defects were the proximate cause of the damages to Mr. Grissett.
Mr. Grissett also filed the deposition of Gerald Fischer, Regional Director of Store Engineering for Circle K. Mr. Fischer stated that Circle K places public telephones on the front, outside walls of its convenience stores to draw business to its stores. Mr. Fischer also stated that some, but not all, of Circle K's stores have vertical "bumper posts" installed to prevent automobiles from encroaching on storefront sidewalks. These "bumper posts" were of two kinds  a 4-inch diameter cast iron or steel column reinforced with concrete, or a pressure-treated 4x4 or 8x8 wood post. Mr. Fischer stated that some other convenience store chains like Circle K use similar protective barriers. His explanation for the absence of such protective barriers at some stores was that Circle K didn't think that they did much good and thought them to be unsightly, so that when it leased or bought a store which did not have them, it ordinarily did not install them.
Mr. Fischer also stated that, from time to time, automobiles do run into and damage *293 Circle K storefronts. Mr. Fischer surmised that there have been discussions within the Circle K corporation about whether the bumper posts aid in protecting the store fronts from being damaged by cars. Mr. Fischer testified that he has seen dozens of bumper posts that have been damaged to the point where they had to be replaced. Some posts must be replaced due to being struck lightly a number of times and others need to be replaced because they have been run over and destroyed by one vehicle. Mr. Fischer also stated that, in his experience, he has found that the bumper posts will either snap off or lean over when struck by an automobile, and that he has seen cars go through them.
The trial court granted Circle K's motion for summary judgment relying on our decision in Jones v. Dowdy, 443 So.2d 467 (Fla.2d DCA 1984) and the third district's case of Molinares v. El Centro Gallego, Inc., 545 So.2d 387 (Fla.3d DCA), review denied, 557 So.2d 866 (Fla. 1989). The trial court stated that those cases held "that the presence of a curb coupled with the absence of other similar accidents at the location satisfied any duty owed pedestrian invitees." A final judgment was entered in Circle K's favor and this timely appeal followed.
A motion for summary judgment may only be granted if the pleadings, depositions, answers to interrogatories and admissions on file together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fla.R.Civ.P. 1.510(c). If the record reflects the existence of any genuine issue of material fact or the possibility of any issue, or if the record raises even the slightest doubt that an issue might exist, summary judgment is improper. Crandall v. Southwest Florida Blood Bank, Inc., 581 So.2d 593 (Fla.2d DCA 1991); Gomes v. Stevens, 548 So.2d 1163 (Fla.2d DCA 1989).
The injury in this case occurred outside of the store building where vehicles park straight on, in front of the building and telephones. The facts here are different than the facts in the thirty-year-old case of Schatz v. 7-Eleven, Inc., 128 So.2d 901 (Fla. 1st DCA 1961) and the facts in our case of Jones v. Dowdy. The injuries in Schatz and Jones occurred on the inside of the building, whereas here, the injury occurred on the outside of the building in an area where the victim and the tortfeasor both were invited and where the injury could have been foreseeable.
The facts in this case are similar to those in Cohen v. Schrider, 533 So.2d 859 (Fla. 4th DCA 1988), where the injury occurred outside the building in the same manner as Mr. Grissett's injury occurred here. In Cohen, the court held that a jury question of foreseeability was raised. In the instant case, there was no evidence that Circle K was aware of other similar accidents at the particular store where Mr. Grissett was injured. However, Mr. Fischer stated that he was aware of similar accidents at other Circle K stores. In addition, it may be inferred from the evidence that there was discussion within the Circle K corporation regarding whether bumper posts would aid in preventing the type of accident which occurred here.
Foreseeability is generally a question for the jury. See Hall v. Billy Jack's, Inc., 458 So.2d 760 (Fla. 1984); Cohen; Budet v. K-Mart Corp., 491 So.2d 1248 (Fla.2d DCA 1986). "Unless it can be determined that no reasonable persons could differ in concluding that the accident was unforeseeable then a jury should decide the question; not the judge." Cohen, 533 So.2d at 860.
There is sufficient evidence presented in the case sub judice to raise a question of foreseeability. The depositions and affidavits filed in this case raise issues concerning Circle K's knowledge of an unsafe condition and whether reasonable care was taken under the circumstances. "It is peculiarly a jury function to determine what precautions are reasonably required in the exercise of a particular duty." English v. Florida State Board of Regents, 403 So.2d 439 (Fla. 2d DCA 1981) (citation omitted). Different inferences can reasonably be drawn from the facts presented here. See Crandall. Under these circumstances, it *294 was error for the trial court to enter summary judgment in favor of appellees.
Accordingly, the case is reversed and remanded for proceedings consistent with this opinion.
LEHAN and PARKER, JJ., concur.