Chief Justice Rojsi rtson
delivered the opinion of the Court.
John Kercheval and Franklin Kercheval prosecute this appeal to reverse a judgment of restitution obtained against them, by the appellee, on a traverse to an inquisition on a warrant for forcible entry and detainer.
i Forman’s heirs having obtained a judgment in •ejectment against John Kercheval and others, and having evicted them by a habere facias, leased the same land to Franklin Kercheval, one of the appellants, who, together with the other appellant, continued to reside upon and occupy it. Afterwards, during their occupancy under the said lease, the *627 Sheris’, acting in obedience to a habere facias issued on a judgment of ejectment, which had been obtained by the appellee against the appellant, John Kercheval, (at the same term- at which the judgment was obtained by Forman’s heirs,) for a part of the land which had been leased to Franklin Kercheval, but not including the dwelling house, entered with an agent of the appellee on a field with growing corn upon it, (neither of the appellants being present) and delivered possession thereof to the agent, and returned the writ, “ executed."
Person w!io is not a party to a judgment in ejectment, is not concluded by the sheriff’s return oS habere, facias thereon.”
When two persons occupy the same land, whether there is such a privity between them as to authorize the eviction ofboth of them unfaci^^g.wet one oi them, should be left to the jury to an i should not be decided by thect.
*627 Neither the appellee, nor any other person for him, remained on the field, or ever afterwards made an actual entry upon it. The appellant, Franklin, having gathered the corn and cultivated the field the next year, the appellee proceeded against the appellants, by warrant of forcible entry and detainer, to obtain restitution. The circuit- court, upon a traverse to that court, instructed the jury, in effect,, that if the appellants, or either of them, liad entered upon or detained the field against the will of the appellee after the execution of his habere facias, he oi they, so entering or detaining, was guilty of a forcible entry or detainer.
That instruction contains the most material of the various points presented by the assignment of errors —
There was no actual eviction by the formal delivery of possession to the appellee’s agent; and as Franklin Kercheval was not a party to the judgment or the writ, he was not concluded by the sheriff’s return. The delivery by the sheriff gave to the appellee no other right or possession than his own entry, under his judgment, would have given. If Franklin Kercheval had been actually evicted, and the appellee or his agent had remained on the land, restitution might have been obtained by him upon a warrant of forcible entry and detainer, unless there had been such a privity between the appellants as to have authorized the eviction of both of them by the habere facias; and whether there was such a privity or not was a question which the jury, and not the court, should haye decided- The *628 appellee or his agent may have had a right of entry against John Kercheval in consequence of the judgment against him, and such an entry might have been sufficient to authorize a judgment of restitution as to him if he afterwards entered and detained the fle*d- So, too, if Fra d<lin Kercheval, even though he had been neithe pa ty nor privy, had been actually evicted, and hau «.ntered afterwards upon the appe¡iec or any 0ther person upon the land holding the actual possession for him, he ought have been compe'led to make restitution according to the doctrine settled in the case of Chiles vs. Stephens, III Mal.
Judgment in ejectment mthereinto right of entry on land in of aP°erron°n who is neither party nor privy to tho ju gmen .
If in the absence of tho person who ÍS ” isf tTof FmcTaod^ici party or privy to tho_jud|ment Thesheriff, under a habere facias Fnthojudg-’ ment in possession, hut n?1!h?.r(tthe any other person for him, remain sion and the person, actuados*16 session PitSthe -execution of das, rem.-iis, und c<>ntinis not guiity <>fa forcible j^mer^tle~
*628 Rut fig was not actually evicted ; nor did any Person remain upon land detaining the possession for the appellee. The possession of the appellee was, therefore, constructive only, and cannot be constl'ued as more extensive or effectual than he had a right to claim it to be under his judgment and writ. As against Franklin Kercheval (unless he was a privy) the judgment in ejectment (for ought that appears in this record) gave to the appellee no right enttT 5 an(L therefore, as Franklin was not in fact turned out of possession, and as the agent did not remain on the land, the appellee cannot be cieeme(i t° have been in the actual possession, as between him and Franklin, when the latter afterwards rightfully entered to occupy and cultivate the field, J/e was not affected by the execution of the writ, an(i could not have been, unless the agent of the appellee, or some other person for him, had remained upon the ground, whereby there would have been an actuai ouster and detainer, which might have rendered a warrant for restitution necessary. If the appellee had no right to enter on the possession of Franklin Kercheval, surely the latter was not guilty oí a forcible entry or detainer in entering upon and using the field after the agent had departed, There could be no constructive possession in such a case as against a person who had been and continued ' to be possessed in fact, and was not liable to eviction ^ ^ie habere facias. As to him the entry of the agent and the sheriff was tortious, and the instant they left the ground, he had a perfect legal right to *629 use and retain the actual possession of the field ; and the appellee could have had no right to restitution ; because, as the entry by his agent was a tortious intrusión on Franklin Kercheval, when the agent left the ground, Franklin had a lawful right, co inslanti, to use and retain it just as if there had been no such unauthorized entry, as between disseizor and dis seizee the law will not construe the actual possession of the former to be more extensive or protracted than'his peáis possessio. And therefore, if A, without a right of entry, shall intrude on the actual possession of B, and then depart, such a transcient and illegal occupancy would not be sufficient to maintain a warrant for restitution against B for continuing on the land, as if there had been no intrusion on his possession.
Such proceedingisnot an actual cvietiou of' die person who is in actual Pos” session.
Morehead and Brown, for appellants ; Monroe and JSeaty, for the appellee.
TXr. - „ ,, . . , , . . Whereiore, we are oí the opinion tnat the circuit eourt erred in giving the instruction which we have been considering. ?
. There should be no judgment of restitution against Franklin Kercheval, unless a jury shall ascertain that there was a privity between him and John, and that the possession of the one was that of the other. The appellee cannot have restitution of that of which he has not been deprived.
We perceive no other error.
Judgment reversed, and cause remanded for a new triaL.