ADA L. MABE, ADMX., ET AL. v. CITY OF WINSTON-SALEM.

(Filed 18 November, 1925.)

**1. Government—Municipal Corporations.**

Incorporated cities and towns within the powers given them are local governmental agencies of the State, and in the absence of statutory provision to the contrary, may not be sued for damages for the negligence of their agents and employees while discharging governmental functions.

**2. Same — Torts — Negligence — Principal and Agent — Waterworks— Statutes.**

A municipality is in the exercise of its governmental powers in maintaining a fire department, and an action for damages for failure to sooner extinguish a fire on the property of the owner thereof by reason of having permitted its street at the fire hydrant there to become obstructed and remain so, is not maintainable without statutory provision making them so, their exemption as to furnishing a sufficient supply of water, etc., being expressly stated in the statute. C. S., 2807. *Gorrell v. Water Co.,* 128 N. C.; 375, and like cases, distinguished by STACY, C. J.

**3. Same—Proximate Cause.**

Where in an action against a city to recover damages for a fire loss alleged to have been caused by permitting obstructions to remain at its fire hydrants, the proximate cause is the failure of the city to put out the fire for which no recovery may be had, under C. S., 2807.

APPEAL by plaintiff from *Schenck, J.,* at May Term, 1925, of FORSYTH. Civil action to recover damages for an alleged negligent placing of curbstones or rocks around a fire-plug or hydrant, in violation of a city ordinance, whereby fire department of the city of Winston-Salem was unable, on 23 March, 1920, to save the plaintiff's house from being

destroyed by fire, which, it is alleged, it could and would have done but for such negligent obstruction.

The alleged obstruction was placed around the hydrant in question by agents and employees of the defendant city while paving a street in the vicinity of plaintiff's house, and it was permitted to remain there for six or eight months prior to the time of the fire.

There was only a small blaze on the top of plaintiff's house at the time of the arrival of the fire department, but by reason of said obstruction, some ten or fifteen minutes were consumed in removing same, before any connection with the hydrant could be made, and, in the meantime, the fire assumed uncontrollable proportions and resulted in the destruction of plaintiff's house.

This action was instituted by J. W. Mabe, the owner of the house, who died *pendente lite,* and his administratrix has been substituted as party plaintiff. The George Washington Fire Insurance Company was adjudged to be a necessary party by order of court.

At the close of plaintiff's evidence, and on motion of defendant, there was a judgment as of nonsuit, from which plaintiff appeals.

*John C. Wallace, Richmond Rucker and Hastings, Booe & DuBose* for plaintiff, *Ada L. Mabe.*

*Craige & Craige and F. L. Webster for plaintiff, George Washington Fire Insurance Company.*

*Parrish & Deal for defendant.*

STACY, C. J., after stating the case: It is conceded that the defendant, city of Winston-Salem, which owns a municipal light and waterworks system, and operates the same in its governmental capacity, cannot be held liable in damages for a failure to furnish a sufficient supply of either water or light. *Howland v. Asheville,* 174 N. C., 749; *Harrington v. Greenville,* 159 N. C., 632.

C. S., 2807, appearing in the chapter on "Municipal Corporations," is as follows: "The city may own and maintain its own light and waterworks system, to furnish water for fire and other purposes, and light to the city and its citizens, but shall in no case be liable for damages for a failure to furnish a sufficient supply of either water or light. And the governing body shall have power to acquire and hold rights of way, water rights, and other property, within and without the city limits."

It is also conceded that the defendant, in the absence of statutory provision to the contrary, is not liable for any damage occasioned by the negligence of its fire department. *Mack v. Charlotte,* 181 N. C., 383; *Peterson v. Wilmington,* 130 N. C., 76; note, 9 A. L. R., 143.

For the purposes of its creation, a municipal corporation is an agency of the State government, possessing powers, within its limited scope of authority, which, in their nature, are either legislative or judicial, and may be denominated governmental or public. The extent to which it may be proper to exercise such powers, as well as the mode of their exercise by the corporation, within the limits prescribed by the law creating them, are of necessity entrusted to the judgment, discretion and will of the properly constituted authorities to whom they are delegated. And being public in their nature, the corporation is not liable either for a failure to exercise them or for errors committed in their exercise, unless expressly made so by statute. *Kistner v. Indianapolis*, 100 Ind., 210. A city, therefore, in the absence of statutory provision to the contrary, does not by building and operating a system of waterworks or by maintaining a fire department, thereby enter into any contract with, or assume any implied liability to, the owners of property to furnish means or water for the extinguishment of fires, and for the breach of which an action in damages may be maintained. A city may not be sued for loss sustained by fire, where the wrongful act charged was neglect in cutting off water from a hydrant, but for which the fire might have been extinguished, or in failing to keep a reservoir in repair whereby the supply of water became inadequate, or because the pipes were not sufficient or out of order, or because the officers and members of the fire department were negligent in the performance of their duties. 3 Dill. Mun. Corp., p. 2300. The extinguishment of fires is a function which a municipal corporation undertakes in its governmental capacity, and in connection with which, in the absence of statutory provision to the contrary, it incurs no civil liability, either for inadequacy in equipment or for the negligence of its employees. 19 R. C. L., 1116; *Scales v. Winston-Salem,* 189 N. C., 469, and cases there cited.

The principle announced in *Gorrell v. Water Supply Co.,* 124 N. C., 328, *Fisher v. Water Co.,* 128 N. C., 375, *Jones v. Water Co.,* 135 N. C., 544, and *Morton v. Water Co.,* 168 N. C., 582, to the effect that, when a water company contracts with a city to furnish, at all times, a supply of water sufficient for the protection of the inhabitants and property of the city against fire, the company must answer in damages for loss by fire resulting from its failure to perform its contract, has no application to the facts of the present record. Those cases rest upon the doctrine of contracts voluntarily assumed and wrongfully breached, but no such case is presented here. And it may be observed that in an action, based on such a contract, the inquiry is whether, considering the purpose, character and capacity of the waterworks, and all the attendant circumstances and agencies, the fire, which destroyed the plaintiff's property,

could and would have been extinguished with less damage if the contracting defendant had complied with the terms of its agreement. *Lumber Co. v. Water Supply Co.*, 89 Ky., 341.

Appreciating the force and effect of the decisions holding that a fire department, owned and operated by a municipal corporation, belongs to the public or governmental branch of the municipality so as to relieve it, at least in the absence of statutory provisions to the contrary, from liability for injuries to person or property resulting from malfeasance or nonfeasance in connection with its maintenance and operation, the plaintiff has avoided any allegation of negligence relating to the fire department of the city, or that the loss was occasioned by the conduct of any of the agents or employees of this department. On the other hand, it is specifically averred that the fire department of the city could and would have extinguished the fire but for the negligence of the defendant's agents and employees engaged in repairing and paving its streets. The plaintiff, therefore, seeks to hold the defendant liable upon the theory that the negligence of its street department, in placing rocks or curbstones around a fire-plug or hydrant, in violation of a city ordinance, was the direct and proximate cause of plaintiff's loss, in that such negligent conduct, on the part of those engaged in repairing or paving its streets, made it impossible for the fire department of the city to save the plaintiff's property from destruction by fire, which, it is alleged, the fire department could and would have done but for the negligence of the defendant's street department.

It was said in *Jones v. Henderson*, 147 N. C., p. 125, that the duty of a municipal corporation to repair its streets and to keep them in good condition is a ministerial one, and when the servants of a municipality undertake to perform this duty they must exercise reasonable care in so doing, or the corporation may be held liable for any injury proximately resulting from their negligence. *Hoyle v. Hickory,* 164 N. C., 79; *S. c.,* 167 N. C., 619. The cases of *Bunch v. Edenton,* 90 N. C., 431, *Downs v. High Point,* 115 N. C., 182, *Threadgill v. Comrs.,* 99 N. C., 352, and *Williams v. Greenville,* 130 N. C., 93, furnish examples of the liability of such corporations for the failure to exercise or for the improper exercise of ministerial or corporate duties. See, also, *Dorsey v. Henderson,* 148 N. C., 423; *Hull v. Roxboro,* 142 N. C., 453.

But the proximate cause of plaintiff's loss was the failure of the fire department of the defendant city to put out the fire; and it is conceded that if the fire department had not responded at all, or if it had negligently permitted the water mains and hydrants to become and remain chocked and clogged with mud, stones, etc. (*Miller v. Minneapolis,* 75 Minn., 131; *Mendel v. Wheeling,* 28 W. Va., 233), or was otherwise

negligent, which resulted in loss to the plaintiff, no recovery could be had. The language of C. S., 2807, above set out, is that the city "shall in no case be liable for damages for a failure to furnish a sufficient supply of either water or light."

The fire which destroyed plaintiff's property originated in some unaccountable way. There is no contention that the city was responsible for its origin, or that it committed any breach of duty in this respect. It is alleged in the instant case that the agents and employees of the street department of the defendant city negligently placed the curbstones around the hydrant in question; but does it not follow, as a necessary corollary, that the agents and employees of the fire department permitted them to remain there for six or eight months? Even if the logic of the defendant's position in this respect be not convincing, how is the plaintiff to escape the force of the statute which provides that the *city* shall *in no case* be liable in damages for a failure to furnish a sufficient supply of water? Let it be conceded, but only for the sake of argument, that the negligence of the street department was a proximate cause, or one of the proximate causes, of plaintiff's loss, still this was the city's negligence, and the city, under the statute, is not to be held liable in any case for a failure to furnish a sufficient supply of water. It is the duty of a municipal corporation, in the exercise of proper care, to keep and maintain its streets in a reasonably safe condition for public travel, but we have no decision in this jurisdiction holding a city liable to suit with respect to the care of its streets, which would include a case of this kind.

If another *tort-feasor* or other *tort-feasors,* not protected by the statute or otherwise, had negligently interfered with the fire department while attempting to extinguish the fire, a different situation would have been presented, so far as might have concerned the question of liability of such other *tort-feasor* or *tort-feasors.* See note, 5 A. L. R., 1651. But this is not our case.

While it is sufficient to rest our present decision on the statute shielding the municipality from liability in such cases, it is not to be understood that a contrary holding would have followed but for the existence of this statute. The pertinent authorities are otherwise. *Small v. Frankfort,* 203 Ky., 188, 33 A. L. R., 692; *Hazel v. Owensboro,* 30 Ky., 627, 9 L. R. A. (N. S.), 235. However, we need not discuss a supposed or hypothetical case, or one not before us.

The motion for judgment as of nonsuit was properly allowed.

Affirmed.