AZILEE PARKER VALEVAIS, CHARLES N. PARKER, JOHN R. PAR-
KER AND EDGAR L. PARKER, JR. v. THE CITY OF NEW BERN

No. 703SC504

(Filed 30 December 1970)

1. Municipal Corporations § 12— governmental immunity
    In the absence of statutory provision, there can be no recovery against a municipal corporation for injuries resulting from its negligence or nonfeasance in the exercise of functions essentially governmental in character.

2. Municipal Corporations § 5— fire department — governmental function
    The maintenance and operation of a fire department is a function which a municipality undertakes in its govenmental capacity.

3. Municipal Corporations § 4— water and sewer easement — property outside corporate limits — purchase or condemnation
    Municipality had authority to acquire an easement for water and sewer purposes over property lying outside the municipality by purchase or condemnation, G.S. 160-204, G.S. 160-205, but also had the obligation to compensate the landowners for any such property rights acquired. U. S. Constitution, Amendment XIV; N. C. Constitution, Article I, § 17.

4. Municipal Corporations § 4— compensation for easement outside city limits — fire protection
    Municipality had authority to compensate landowners for a water and sewer line easement across a tract of land located outside the municipal limits by agreement to furnish fire protection for any buildings located on such tract. G.S. 160-238.

5. Municipal Corporations §§ 12, 44— contract to provide fire protection — failure to respond to fire call — tort or breach of contract
    Although a municipality had contracted to furnish fire protection for property of plaintiffs lying outside the municipal limits, alleged failure of members of the municipal fire department to respond promptly to a call for assistance in fighting a fire upon such property would

constitute a negligent omission, not a breach of contract, for which the municipality has governmental immunity.

6. **Municipal Corporations § 5— water easement — contract for fire protection — sale of water at profit — fire protection as proprietary or governmental function**

Fact that a water and sewer easement obtained by a municipality in exchange for its promise to furnish fire protection permitted the municipality to sell water at a profit did not make the furnishing of such fire protection a proprietary rather than a governmental function.

7. **Municipal Corporations § 12— contract to furnish fire protection — property outside municipality — waiver of governmental immunity**

Agreement by a municipality to furnish fire protection for property lying outside the municipality as compensation for a water line and sewer easement across such property did not constitute a waiver of the municipality's governmental immunity with respect to torts committed in the maintenance or operation of its fire department.

APPEAL from *Parker, Superior Court Judge,* May 1970 Civil Session of CRAVEN County Superior Court.

On 10 January 1964 plaintiffs filed complaint against defendant, a municipal corporation, seeking to recover for damages caused by fire which destroyed a building owned by plaintiffs. The complaint alleged in substance, except where quoted, the following:

(1) On or about 9 March 1951, after negotiations, plaintiffs joined in the execution of an agreement wherein defendant was granted a 10-foot wide easement for underground sewer and water lines across a certain tract of land owned by plaintiffs and others.

(2) On 5 June 1951, "in accordance with the agreement of the parties hereto and to carry out the terms of the easement agreement the following resolution or ordinance was adopted:

WHEREAS, it has become necessary for the City of New Bern to construct and establish certain water and sewer lines known as waste water wash lines across the lands of Azilee Parker Valevais, Charles N. Parker, John R. Parker, Edgar L. Parker, Jr. and Charles N. Parker, dated August 4, 1937, and recorded in book 327, page 289, public registry of Craven County;

AND WHEREAS, Azilee Parker Valevais and her husband, William Valevais; Charles N. Parker and his wife, Janice C. Parker; John R. Parker and his wife, Louise S. Parker;

and Edgar L. Parker and his wife, Ann G. Parker, have executed a deed of easement to the City of New Bern, dated March 9, 1951, permitting the establishment and maintenance of said water waste wash lines across said land and premises on condition that the City of New Bern furnish fire protection;

BE IT RESOLVED BY THE BOARD OF ALDERMEN OF THE CITY OF NEW BERN that the fire department of the City of New Bern be empowered, and it is hereby directed to answer fire alarms and calls to the property described in said deed for the purpose of fighting any fire that might occur in any building on said premises;

BE IT FURTHER RESOLVED that the City of New Bern shall establish and maintain a fire hydrant on said premises at some point adjacent to U.S. Highway No. 70."

(3) On or about 28 September 1963, a fire was discovered upon the property described in the easement and was reported to a member of the City Police Department at a time when the same could have been easily controlled and damage would have been minimal. Members of the Police Department notified the City Fire Department; but the Fire Department: "willfully and without just cause refused to answer said call or to furnish any fire protection . . . for a period of more than two hours when it was too late either to save the building or any of the contents thereof."

(4) "[S]uch refusal [of the Fire Department] to furnish fire protection and refusal to answer fire alarms was careless and negligently done in violation of the contract between the parties hereto and the resolution or ordinance. . . ."

(5) As the direct and proximate result of defendant's failure to answer the fire calls, plaintiffs' building burned to the ground and was destroyed.

Defendant answered admitting the adoption of the resolution alleged in the complaint, but denying all other allegations and asserting its "governmental immunity" as a plea in bar.

When the cause came on for trial, defendant moved that the complaint be dismissed for failure to state a claim upon which relief could be granted; that its plea in bar be allowed; and that, judgment in its favor be allowed upon the pleadings.

Judgment was entered allowing all of defendant's motions and dismissing the action with prejudice. Plaintiffs appealed.

*Robert G. Bowers for plaintiff appellants.*

*Barden, Stith, McCotter & Sugg by Laurence A. Stith and A. D. Ward for defendant appellee.*

GRAHAM, Judge.

[1, 2] It is universally recognized that in the absence of statutory provision, there can be no recovery against a municipal corporation for injuries resulting from its negligence or nonfeasance in the exercise of functions essentially governmental in character. In the exercise of such functions, the municipal corporation is acting for the general public as well as the inhabitants of its territory, and in such capacity represents the general sovereignty of the state. *Metz v. Asheville,* 150 N.C. 748, 64 S.E. 881; *Stone v. City of Fayetteville,* 3 N.C. App. 261, 164 S.E. 2d 542; 38 Am. Jur., Municipal Corporations, § 572, p. 261. The maintenance and operation of a fire department is a function which a municipality undertakes in its governmental capacity. *Mabe v. Winston-Salem,* 190 N.C. 486, 130 S.E. 169.

Plaintiffs do not dispute these principles, but contend they are not applicable here because their complaint alleges a breach of contract action rather than an action grounded in tort.

[4] We examine first the question of whether a valid contract existed between the defendant and plaintiffs. Although the complaint does not specifically show the location of plaintiffs' property with respect to the corporate limits of defendant, for purposes of this opinion we treat the complaint, as did the parties in their briefs and upon oral argument, as sufficient to show that: (1) at the time of the execution of the easement, the enactment of the ordinance, and the fire which is the subject of this suit, plaintiffs' property was located outside defendant's corporate limits and (2) defendant's duty to afford fire protection to plaintiffs' property arose, if at all, out of its acquisition of the easement and the subsequent resolution or ordinance.

[3, 4] The resolution or ordinance adopted by the Board of Aldermen specifically acknowledged that the granting of the easement by plaintiffs was conditioned upon the City's promise to afford them fire protection. The City had plenary authority to acquire an easement over plaintiffs' property for water and

sewer purposes by purchase or condemnation. G.S. 160-204 and 160-205. It also had the obligation to justly compensate plaintiffs for the property rights acquired. U.S. Const. amend. XIV, § 1; N.C. Const. art. 1, § 17. We know of no law or public policy which would have precluded the City from compensating plaintiffs for the property rights acquired by agreeing to furnish them fire protection. The legislature has authorized municipalities to agree to furnish and to furnish fire protection outside their corporate limits within certain specified areas. G.S. 160-238. No contention is made by the defendant that the resolution or ordinance authorizing the protection of plaintiffs' property was *ultra vires*. We therefore hold that the City was obligated, by contract, to furnish fire protection to plaintiffs' property.

[5]  It does not follow, however, that plaintiffs' complaint states a claim for relief based upon breach of contract. There are no allegations that defendant has ever denied the obligation it assumed by resolution or ordinance to provide fire protection to plaintiffs' property. This action, insofar as the record shows, has never been rescinded. The alleged claim is based upon the failure of the members of the Fire Department to promptly respond to the fire call in spite of their duty to do so which arose under the direction of the resolution or ordinance. The members of the Fire Department were not the governing body of the City. They could not extend or withhold from plaintiffs a right to have the benefit of their fire protection services. Their failure to comply with the direction of defendant's ordinance would constitute, not a breach of contract, but a negligent omission. This negligent conduct, arising out of a governmental function, cannot be imputed to the City.

[6]  Plaintiffs further contend that the obtaining of the easement by the City was profitable in that it permitted the City to sell water at a profit. This, plaintiffs say, makes the furnishing of fire protection given in exchange for the easement a proprietary function rather than a governmental function. We do not agree.

In point is the case of *Bagwell v. City of Gainesville*, 106 Ga. App. 367, 126 S.E. 2d 906. There plaintiff alleged that he owned a hatchery and other equipment located just beyond the defendant's corporate limits and that he purchased water from the City and the City agreed "to furnish all necessary water for the use of his hatchery and to *extinguish any fire which might originate therein*." (Emphasis added.) Plaintiff's suit sought

recovery for damages occasioned in part by the defendant's refusal to permit any of its available fire equipment to extinguish a fire at plaintiff's hatchery. In affirming the sustaining of a demurrer to plaintiff's petition, the Court of Appeals of Georgia recited the general principles relating to the immunity of a municipality for damages arising out of the performance of a governmental function and concluded: "It necessarily follows that so much of the petition as sought to impose liability upon the city for refusal to dispatch its fire fighting equipment to extinguish the fire did not delineate any actionable liability." In accord: *Banks v. City of Albany,* 83 Ga. App. 640, 64 S.E. 2d 93. See also 63 C.J.S., Municipal Corporations, § 776, p. 84.

[7]    We also reject plaintiffs' contention that the agreement of the City in this case constituted a waiver of its immunity. "Every incorporated city or town . . . shall have the powers prescribed by statute, and those necessarily implied by law, and no other." G.S. 160-1. In the absence of statutory authority, a municipality has no authority to contract away or waive its governmental immunity in respect to torts committed in the exercise of its governmental function. 5 Strong, N.C. Index 2d, Mun. Corp., § 12, pp. 634, 635, and cases therein cited. We know of no statute, and none has been cited to us, which authorizes a city to waive its governmental immunity with respect to torts committed in connection with the maintenance and operation of a fire department.

We conclude that defendant's plea in bar was properly sustained and the action dismissed.

Affirmed.

Chief Judge MALLARD and Judge PARKER concur.