SHARP, Judge.
The appellant argues that the trial court erred in dismissing her amended complaint for failure to state a cause of action against the City of Daytona Beach. She alleged that the city’s firemen breached standard firefighting practices in combating a fire in a building on South Beach Street in Daytona Beach, and that their negligence caused the fire to spread to William Palmer’s office, where it destroyed virtually all of his office equipment, library and professional records. We think the complaint states a cause of action.
Steinhardt v. North Bay Village, 132 So.2d 764 (Fla. 3d DCA 1961), cert. discharged, 141 So.2d 737 (Fla.1962), denied liability in a similar situation. But that case relied on the rule that cities are immune from torts committed while carrying out governmental functions. This was in conformity with the weight of authority in this country. See Annot., 84 A.L.R. 514 (1933); Annot., 33 A.L.R. 688 (1924); Annot., 9 A.L.R. 143 (1920). The reason for the rule is expressed in Steinhardt:
a conflagration might cause losses, the payment of which would bankrupt the community. Closely allied with this fear is the realization that the crushing burden of extensive losses can better be distributed through the medium of private insurance.
Steinhardt at 766.
 After Steinhardt, Florida waived sovereign immunity for torts committed by cities resulting from acts performed at an operational level. Commercial Carrier Corporation v. Indian River County, 371 So.2d 1010 (Fla.1979); § 768.28, Fla.Stat. (1981). We have held that the negligent carrying out of city governmental powers and functions at that level may result in *372 tort liability. Sintros v. LaValle, 406 So.2d 483 (Fla. 5th DCA 1981); Jones v. City of Longwood, 404 So.2d 1083 (Fla. 5th DCA 1981), review denied, 412 So.2d 467 (Fla.1982). We cannot distinguish this case from the others on the ground that the city employees here were engaged in discretionary activities. Cf. Everton v. Willard, 426 So.2d 996 (Fla. 2d DCA 1983).
We do recognize that the issue in this case is one of great public importance and we therefore certify to our supreme court the following question:
CAN A CITY BE HELD LIABLE IN TORT TO A PROPERTY OWNER FOR DAMAGES CAUSED BY THE NEGLIGENT ACTS OF THE CITY’S FIREFIGHTERS IN COMBATING A FIRE?
REVERSED AND REMANDED.
FRANK D. UPCHURCH, Jr., and CO-WART, JJ., concur.