469 So.2d 121 (1985)
CITY OF DAYTONA BEACH, Petitioner,
v.
Helen B. PALMER, etc., Respondent.
No. 64773.
Supreme Court of Florida.
April 4, 1985.
Rehearing Denied June 7, 1985.
*122 Alfred A. Green, Jr. and Frank B. Gummey, III, Daytona Beach, for petitioner.
Fred S. Disselkoen, Jr. of Duffett, Seps and Akers, Ormond Beach, for respondent.
James R. Wolf, Gen. Counsel and Harry Morrison, Jr., Asst. Gen. Counsel, Tallahassee, amicus curiae for The Florida League Of Cities, Inc.
OVERTON, Justice.
This cause is before us on petition to review Palmer v. City of Daytona Beach, 443 So.2d 371 (Fla. 5th DCA 1983), in which the district court held that a cause of action exists for a private property owner against the city for the negligent discretionary acts of its firemen in combatting a fire. In so holding, the district court certified the following question as being of great public importance:
Can a city be held liable in tort to a property owner for damages caused by the negligent acts of the city's fire-fighters in combating a fire?
443 So.2d at 372. We restate the question as follows:
May a governmental entity which provides fire protection be held liable in tort to a property owner for damages caused by negligent discretionary decisions of fire-fighters in determining how to combat a fire?
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer the restated question in the negative and quash the decision of the district court.
The complaint upon which this action is based alleged that the fire occurred in an office building in which William Palmer (respondent's husband; now deceased) had his office; that Palmer was called to the fire scene and requested by the firemen to unlock his office doors to provide access to his property; that standard fire-fighting practices required the fire department employees to remove or allow Palmer to remove the items of personal property that could be safely removed from his office; that the firemen temporarily terminated their fire-fighting efforts during a work shift change; that the fire-fighters opened upstairs windows in Palmer's office in contravention of standard fire-fighting practices; and that the fire-fighting unit's platoon commander, by reason of the above conduct, exhibited a clear lack of proper decision-making and supervisory skills, which failure was the proximate cause of the destruction of Palmer's office equipment, library, and professional records.
The trial court dismissed Palmer's complaint for failure to state a cause of action. On appeal, the district court reversed, finding the complaint stated a cause of action and concluding that this conduct was operational-level negligence for which the city government could be held liable. 443 So.2d at 371.
This Court addressed the issue of governmental tort liability in the enforcement of laws in Trianon Park Condominium Association v. City of Hialeah, 468 So.2d 912 (Fla. 1985). In Trianon, we stated that before a governmental entity may be held liable for the negligent acts of its employees, there must first be a determination that there was an underlying common law or statutory duty of care existing with respect to the alleged negligent conduct. At 917. In accordance with our decisions in Trianon and Everton v. Willard, 468 So.2d 936 (Fla. 1985), we conclude that there has never been a common law duty of care to individual property owners to provide fire protection services. Further, we find no statutory duty of care upon which to base governmental liability for such conduct.
In Trianon we stated that "there is no governmental tort liability for the action or inaction of governmental officials or employees in carrying out the discretionary governmental functions [of enforcing the laws and protecting the public safety] because there has never been a common law *123 duty of care with respect to these ... police power functions, and the statutory waiver of sovereign immunity did not create a new duty of care." At 921. (Emphasis added.)
The decisions of how to properly fight a particular fire, how to rescue victims in a fire, or what and how much equipment to send to a fire, are discretionary judgmental decisions which are inherent in this public safety function of fire protection. A substantial majority of jurisdictions that have addressed the issue of governmental liability for asserted negligent conduct in responding to and fighting fires have reached this same conclusion. See Biloon's Electrical Service, Inc. v. City of Wilmington, 401 A.2d 636 (Del.Super. 1979), aff'd 417 A.2d 371 (Del. 1980); Bagwell v. City of Gainesville, 106 Ga. App. 367, 126 S.E.2d 906 (1962); Chandler Supply Co. v. City of Boise, 104 Idaho 480, 660 P.2d 1323 (1983); City of Hammond v. Cataldi, 449 N.E.2d 1184 (Ind. App. 1983); Cross v. City of Kansas City, 230 Kan. 545, 638 P.2d 933 (1982); Frankfort Variety, Inc. v. City of Frankfort, 552 S.W.2d 653 (Ky. 1977); Frye v. Clark County, 97 Nev. 632, 637 P.2d 1215 (1981); LaDuca v. Town of Amherst, 53 A.D.2d 1011, 386 N.Y.S.2d 269 (1976); Valevais v. City of New Bern, 10 N.C. App. 215, 178 S.E.2d 109 (1970); Aldrich v. City of Youngstown, 106 Ohio St. 342, 140 N.E. 164 (1922); Rake v. City of Tulsa, 376 P.2d 261 (Okla. 1962). To hold a city liable for the negligent decisions of its fire-fighters would require a judge or jury to second guess fire-fighters in making these decisions and would place the judicial branch in a supervisory role over basic executive branch, public protection functions in violation of the separation of powers doctrine.
We distinguish these types of discretionary fire-fighting decisions from negligent conduct resulting in personal injury while fire equipment is being driven to the scene of a fire or personal injury to a spectator from the negligent handling of equipment at the scene. Governmental entities are clearly liable for this type of conduct as a result of the enactment of section 768.28, Florida Statutes (1983).
In conclusion, we hold that if there is to be a duty to individual property owners upon which the liability of a governmental entity and its taxpayers is to be based for the discretionary actions of fire-fighters in combatting fires, that duty must be established by an enactment of the legislature and not by judicial fiat.
For the reasons expressed, we quash the decision of the district court of appeal and remand with directions that the district court reinstate the trial court order granting the motion to dismiss.
It is so ordered.
BOYD, C.J., and ALDERMAN and McDONALD, JJ., concur.
EHRLICH and SHAW, JJ., dissent with opinions, in which ADKINS, J., concurs.
EHRLICH, Justice, dissenting.
The majority declines to answer the question certified by the district court, a narrow question which is carefully drafted to reach no further than the facts of this case. Rather, the majority redrafts the question, expanding it to include issues not fairly before the Court on these facts. In answering the broad question and in failing to focus on the precise nature of the acts giving rise to the complaint, the majority yet again curtails the citizen's right to recovery for damages caused by government employees who breach a duty of care.
Once again the concept of discretion as used in the context of governmental planning in Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla. 1979) is distorted out of all recognition. In Commercial Carrier, "discretionary," immune acts clearly embraced only those decisions concerning whether and to what extent government should act. Once that basic decision was made, by statute, ordinance, or rule, all government employees charged with a duty by that policy decision were bound to perform that duty in a reasonable manner.
*124 Government employees are not automatons, nor are statutes, ordinances and rules which set forth duties mere scripts which provide each government employee with express, moment-by-moment directions for the performance of that duty. I can think of no government employee who does not exercise some discretion in how he performs his office.
When that discretion affects government planning, Commercial Carrier has ruled it immune from suit. Thus, had the city sent no firefighters, or too few, to the scene, that decision would have been immunized as a planning-level, strategic allocation-of-resources decision.
Once firefighters were dispatched to the scene, however, all policy decision had been made. The firefighters had no governmental discretion to refuse to fight the fire, to "fight" it with flammable substances, or to deviate in any way from a reasonable standard of care in fighting that fire. The complaint alleges that the firefighters did deviate from the accepted standard of care in firefighting practice. That complaint states a cause of action which should not be barred by the majority's sweeping expansion of sovereign immunity.
I would answer the question certified in the affirmative and approve the decision of the district court of appeal.
ADKINS, J., concurs.
SHAW, Justice, dissenting.
The district court held that the city was not sovereignly immune from suit on the allegedly negligent acts of its firemen in combatting a fire and reversed a trial court order dismissing respondent's cause of action. The district court recognized, however, that the issue was one of great public importance and certified the question to us. Although the question is not entirely clear, in the context of the court's holding on sovereign immunity, I believe we should read the question as asking whether the city was sovereignly immune for the allegedly negligent acts of its firemen. It is unclear to me whether the majority is holding that the city is immune from suit or that the city is not immune but is not liable because it has no special duty toward respondent. I have the same reservations I express in my dissent in Trianon Park Condominium Association v. City of Hialeah, 468 So.2d 936 (Fla. 1985).
In the case at hand I would hold that there is no sovereign immunity for the allegedly negligent acts of the city's firemen. Further, in the posture of the case, respondent should be permitted to attempt to prove that the city had a duty, that the duty was violated, and that the violation caused injury. I would approve the decision of the district court below.
ADKINS, J., concurs.