WENTWORTH, Judge.
Appellant seeks review of an order granting summary judgment in favor of the State of Florida Department of Agriculture and Consumer Services. We find that the court below erred in determining that the doctrine of sovereign immunity precludes any recovery upon the allegations of appellant’s complaint. We therefore reverse the order appealed.
Appellant filed a complaint against the Columbia Livestock Market alleging that he had delivered cattle for sale which were then tested for brucellosis. The complaint alleged that the test indicated positive, causing the delivered cattle to be slaughtered and appellant’s remaining cattle to be quarantined and branded. Asserting that the positive test indication was an error resulting from negligence, appellant amended the complaint to add the Department of Agriculture as a defendant and further alleged that the brucellosis test had been administered pursuant to statutes and regulations[1] enforced by the Department acting in concert with the Columbia Livestock Market.[2]
In granting summary judgment for the Department of Agriculture the court relied upon Trianon Park Condominium Assoc. Inc. v. City of Hialeah, 468 So.2d 912 (Fla.1985), and determined that the allegations of negligence involve discretionary governmental functions which are immune from suit despite the limited waiver of sovereign immunity effectuated by section 768.28, Florida Statutes. Trianon Park establishes that:
‘there is no governmental tort liability for the action or inaction of governmental officials or employees in carrying out the discretionary governmental functions [of enforcing the laws and protecting the public safety] because there has never been a common law duty of care with respect to these ... police power functions, and the statutory waiver of immunity did not create a new duty of care.’ At 921. (Emphasis added.)
City of Daytona Beach v. Palmer, 469 So.2d 121, at 122 (Fla.1985), citing Trianon Park Condominium Association v. City of Hialeah, 468 So.2d 912 (Fla.1985). The Trianon opinion, however, clearly distinguished liability for negligence in operational acts by those engaged in public safety functions:
The lack of a common law duty for exercising a discretionary police power function must, however, be distinguished from existing common law duties of care applicable to the same officials or employees in the operation of motor vehicles or the handling of firearms during the course of their employment to enforce compliance with the law. In these latter circumstnaces there always has been a common law duty of care and the waiver of sovereign immunity now allows actions against all governmental entities for violations of those duties of care.
*1042 Trianon Park, supra, at 920. See City of Daytona Beach v. Palmer, supra, at 123;[3] and Hartley v. Floyd, 512 So.2d 1022 (Fla. 1st DCA 1987). As indicated in Palmer, governmental entities may be liable for such conduct, including the negligent handling of equipment, as a result of the enactment of section 768.28, Florida Statutes.
We conclude that the lower court’s reliance upon the decision against liability in Trianon Park is inappropriate in the circumstances of the present case. Appellant’s complaint is not limited to the discretionary governmental decision to implement a brucellosis testing program, or the choice of a particular testing procedure. Since appellant may attempt to prove, pursuant to allegations of the complaint, negligence which is actionable in accordance with the principles above cited, summary judgment is improper.
The order appealed is reversed and the cause remanded.
SMITH, C.J., and JOANOS, J., concur.

. Chapter 585, Florida Statutes, e.g. section 585.-11(2); Rule 5C-6.01(1), Fla.Admin.Code.

. Summary judgment was entered for Columbia Livestock Market upon a determination that the veterinarian administering the brucellosis test "was an independent contractor or was without employee or agency status.” This order was expressly made inapplicable to the Department of Agriculture "because this finding is based upon depositions taken before the ... Department of Agriculture ... was joined as a party defendant_” On appeal to this court the summary judgment for Columbia Livestock Market was affirmed (Hines v. Columbia Livestock Market, 491 So.2d 612 (Fla. 1st DCA 1986)).

. “We distinguish these types of discretionary ... decisions from negligent conduct resulting in ... personal injury ... from the negligent handling of equipment_ Governmental entities are clearly liable for this type of conduct as a result of the enactment of section 768.28, Florida Statutes (1983).” City of Daytona Beach v. Palmer, supra, at 123.