540 So.2d 830 (1988)
Ann L. WRIGHT, Individually and As Personal Representative of the Estate of Leigh Ann Wright, and Kenneth A. Wright, Appellants,
v.
STATE of Florida, DEPARTMENT OF AGRICULTURE and the City of Jacksonville, Appellees.
No. BS-318.
District Court of Appeal of Florida, First District.
December 7, 1988.
Rehearing Denied January 10, 1989.
Dana G. Bradford, II and Michael E. Demont of Gallagher, Baumer, Mikals, Bradford, Cannon & Walters, P.A., Jacksonville, and Wallace E. Harrell of Gilbert, Whittle, Harrell, Scarlett & Skelton, Brunswick, Ga., for appellants.
Nicholas V. Pulignano, Jr. of Marks, Gray, Conroy & Gibbs, P.A., Jacksonville, for appellee State of Florida, Dept. of Agriculture.
Gerald A. Schneider, Gen. Counsel, and David C. Carter, Asst. Counsel, for appellee City of Jacksonville.
BOOTH, Judge.
This cause is before us on appeal of a final order dismissing appellants' second amended complaint with prejudice for failure to state a cause of action. After careful consideration, we affirm.
On June 5, 1984, appellee State of Florida, Division of Forestry, noticed a wildfire burning west of Interstate 95 near Jacksonville. The City of Jacksonville and the Division of Forestry both sent personnel to suppress the fire. According to allegations in the complaint, on-scene personnel did not obtain a necessary plow and lied or negligently misrepresented the fire's extent to administrators. Then, after undertaking to suppress the fire, they left, and the fire burned all night. The next day, smoke combined with morning mist to form a dense haze, covering the nearby highway. A series of automobile accidents occurred, resulting in injuries and death of members of the Wright family. Appellants alleged in Count I that appellees were negligent in *831 failing to suppress the fire in a reasonable manner once they undertook to fight it, and further alleged that this negligence proximately caused their damages. In Count II appellants alleged that appellees created a dangerous but not readily apparent condition and failed to warn the public.
In Trianon Park Condominium v. City of Hialeah, 468 So.2d 912 (Fla. 1985), the Florida Supreme Court specified four categories of governmental functions and activities, with fire protection services included in the second category as part of "enforcement of laws and protection of the public safety." The court held that "[t]here never has been a common law duty of care" in exercising "the discretionary authority given fire protection agencies to suppress fires."[1] In City of Daytona Beach v. Palmer, 469 So.2d 121, 123 (Fla. 1985), the Supreme Court held:
The decisions of how to properly fight a particular fire, how to rescue victims in a fire, or what and how much equipment to send to a fire, are discretionary judgmental decisions which are inherent in this public safety function of fire protection. A substantial majority of jurisdictions that have addressed the issue of governmental liability for asserted negligent conduct in responding to and fighting fires have reached this same conclusion.... To hold a city liable for the negligent decisions of its fire-fighters would require a judge or jury to second guess fire-fighters in making these decisions and would place the judicial branch in a supervisory role over basic executive branch, public protection functions in violation of the separation of powers doctrine.
Appellants argue, however, that once appellees undertook to suppress the fire, their subsequent actions were operational-level acts for which they owed a duty of reasonable care. That argument would have us adopt the dissenting view in the Palmer case, 469 So.2d 121, 123 (Fla. 1985)[2] rather than follow the majority decision. In Palmer, as in the instant case, the complaint alleged that the sovereign entity undertook to fight a fire but thereafter failed to follow standard fire-fighting procedures in several respects.
The complaint dismissed in Palmer alleged that the negligence of the fire fighters proximately caused the plaintiff's property to be destroyed by the fire. The damage was a direct result of the fire; plaintiff's office and contents burned. In the instant case, the result is more remote and would require this court to hold that the sovereign has a duty to perform its fire-fighting function in such a manner as to prevent smoke from obscuring visibility on highways. Appellant has cited no authority for such a duty and we have found none.
The trial court also correctly dismissed Count II of the complaint. In order to state a cause of action for failure to warn of a known dangerous condition, a plaintiff must allege that (1) the government created a dangerous condition, (2) the condition was not readily apparent to someone who could be injured thereby, (3) the government had knowledge of the dangerous condition, and (4) the government failed to take steps to warn the public of the danger or to avert the danger. City of St. Petersburg v. Collom, 419 So.2d 1082 (Fla. 1982); Department of Transportation v. Neilson, 419 So.2d 1071 (Fla. 1982); Ralph v. City of Daytona Beach, 471 So.2d 1 (Fla. 1983).
None of these cases involved a safely designed and built highway which was made briefly unsafe by the existence of an unextinguished forest fire. A careful reading of Count II fails to disclose allegations *832 that the poor visibility conditions were less apparent or known to appellants than they were to appellees. On the contrary, the complaint alleges that "great quantities of dark smoke" combined with fog to "completely cover the adjacent section of the highway with a thick dark cloud of fog and smoke." The complaint further alleges that this hazardous condition "was not readily apparent to the plaintiff," but the allegations show the condition was an obvious one, Payne v. Broward County, 461 So.2d 63 (Fla. 1984), and appellant's knowledge was actual, whereas appellees' knowledge, as alleged, is implied. There are no allegations that the condition constituted a hidden danger or trap, Bailey Drainage District v. Stark, 526 So.2d 678, 681 (Fla. 1988).
Accordingly, the judgment below is affirmed.
THOMPSON and WIGGINTON, JJ., concur.
NOTES
[1] Trianon Park Condominium v. City of Hialeah, 468 So.2d 912, 919 (Fla. 1985).
[2] City of Daytona Beach v. Palmer, 469 So.2d 121, 124 (dissenting opinion, Mr. Justice Ehrlich):

Once firefighters were dispatched to the scene, however, all policy decision had been made. The firefighters had no governmental discretion to refuse to fight the fire, to "fight" it with flammable substances, or to deviate in any way from a reasonable standard of care in fighting that fire. The complaint alleges that the firefighters did deviate from the accepted standard of care in firefighting practice.