922 So.2d 1022 (2006)
Marcus C. STRICKLAND, Jr., Appellant,
v.
DEPARTMENT OF AGRICULTURE AND CONSUMER SERVICES, Appellee.
No. 5D05-2635.
District Court of Appeal of Florida, Fifth District.
February 17, 2006.
Rehearing Denied March 16, 2006.
*1023 Edwin A. Steinmeyer and Walter E. Forehand of Lewis, Longman & Walker, P.A., Tallahassee, for Appellant.
C. Anthony Schoder, Jr., of Smith & Schoder, L.L.P., Daytona Beach, for Appellee.
LAWSON, J.
Strickland appeals the final summary judgment order entered against him on all counts of his complaint for damages caused to his property. Fire fighters caused the damage while attempting to extinguish one of many large fires burning out of control in Central Florida during the summer of 1998. We affirm.
Strickland raises two issues on appeal. First, he claims that the trial court erred in finding the State immune from liability in tort for its fire fighting activities. With respect to this issue, the trial court correctly applied the law. As explained in City of Daytona Beach v. Palmer, 469 So.2d 121, 123 (Fla.1985): "To hold a city liable for the negligent decisions of its fire fighters would require a judge or jury to second guess fire fighters in making these decisions and would place the judicial branch in a supervisory role over basic executive branch, public protection functions in violation of the separation of powers doctrine." In Palmer, the Court very clearly held that government is immune from tort liability to individual property owners for damage resulting from the discretionary actions of fire fighters in combating fires. Id.
In his second point, Strickland claims that the trial court erred in ruling that the State was not liable under the Takings Clause of the United States and Florida Constitutions,[1] for the trees, fencing and a dike that fire fighters damaged or destroyed to create a fire line on his property. However, it has long been established that the government's destruction of private property to "prevent the spreading of a fire" is not a "taking in the constitutional sense." E.g., Omnia Commercial Co., Inc. v. United States, 261 U.S. 502, 508, 43 S.Ct. 437, 67 L.Ed. 773 (1923). Therefore, "[t]o prevent the spreading of fire, property may be destroyed without compensation to the owner." Bowditch v. Boston, 101 U.S. 16, 25 L.Ed. 980 (1879); see also State Plant Bd. v. Smith, 110 So.2d 401, 406-07 (Fla.1959) ("When, in *1024 the exercise of the police power, the State through its agents destroys ... [property] in the path of a conflagration, it is clear that the constitutional requirement of `just compensation' does not compel the State to reimburse the owner whose property is destroyed.").
Finding that the trial court correctly applied the law in granting summary judgment against Strickland, we affirm.
AFFIRMED.
SHARP, W., and TORPY, JJ., concur.
NOTES
[1] U.S. Const. amend. V; Art. X, § 6(a), Fla. Const.